**LOCAL 355, HOTEL, MOTEL, RESTAURANT & HI-RISE EMPLOYEES AND BARTENDERS UNION, AFL–CIO, a labor organization, Plaintiff,**

v.

**PIER 66 COMPANY, a foreign corporation, d/b/a "Pier 66", Defendant.**

**No. 84–6652–Civ.**

United States District Court, S.D. Florida, N.D.

Dec. 14, 1984.

Christopher D. Robinson, Fisher & Phillips, Fort Lauderdale, Fla., William F. Kaspers, Roger K. Quillen, Fisher & Phillips, Atlanta, Ga., for defendant.

Joseph H. Kaplan, Richard P. Siwica, Kaplan, Sicking, Hessen, Sugarman, Rosenthal, Susskind, Bloom & DeCastro, Miami, Fla., for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Motion for Summary Judgment[1] filed on behalf of the defendant. For the reasons set forth below, the Motion will be granted.

The plaintiff, "Union", contends that the defendant influenced its employees to file a petition with the National Labor Relations Board ("NLRB") seeking the decertification of the Union as their exclusive bargaining agent. Specifically, the Union asserts that the defendant, its agents, supervisors or those acting on its behalf offered employees monetary inducements as well as promotions, wage increases and free schooling. These alleged bribes constituted violations of section 302(a)(3) of the La-

---

1. The Motion originally was filed as a motion to dismiss. As evidentiary material outside the Complaint was considered by the Court, the Motion was treated as a motion for summary judgment. The Court further provided the plaintiff an opportunity to respond to the Motion for Summary Judgment.

bor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186(a)(3), the federal RICO statute, 18 U.S.C. § 1964, and Florida's right to work laws. The Union seeks compensatory, treble and punitive damages as well as injunctive relief.

The defendant argues that the allegations presented are merely unfair labor practice claims. By attempting to bring its claims under the guise of various federal criminal statutes, the Union is attempting to circumvent the NLRB's exclusive jurisdiction over unfair labor practices.

This court agrees.

Additionally, the defendant has raised various arguments attacking the viability of the RICO claim. This court finds that the Union has not sustained the type of injury for which RICO remedies are available.

> Section 302(a) of the LMRA provides: It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, advisor or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

> .     .     .     .     .

> (3) to any employee or group or committee of employees of such employer, employed in an industry affecting commerce in excess of their normal compensation for the purpose of causing such employee or group or committee directly or indirectly to influence an employee in the exercise of the right to organize and bargain collectively through representatives of their own choosing.

An individual who violates section 302 is guilty of a misdemeanor and can be fined a maximum of $10,000, imprisoned for one year or both. 29 U.S.C. § 186(d). Section 302(e) further provides that "[t]he district courts of the United States ... shall have jurisdiction ... to restrain violations of this section."

The alleged bribes and inducements offered by the defendant in obtaining employee assistance for its decertification effort appear to be within those acts prohibited by section 302(a)(3). If found to be true, however, these same acts also are blatant examples of an unfair labor practice.

Section 8(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a), provides that "[i]t shall be an unfair labor practice for an employer—(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." Those rights guaranteed by section 157 include "the right to self-organization, to form, join or assist labor organizations" and to "bargain collectively through representatives of their own choosing."

The purpose of section 8(a)(1) is to establish the employees' right to organize themselves for their mutual aid and to do so without interference from employers. *Republic Aviation Corp. v. N.L.R.B.,* 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372 (1945). Additionally, section 8(a)(1) proscriptions against unfair labor practices prohibit

> not only intrusive threats and promises but also conduct immediately favorable to employees which is undertaken with the express purpose of impinging upon their freedom of choice for or against unionization and is reasonably calculated to have that effect.

*N.L.R.B. v. Exchange Parts Co.,* 375 U.S. 405, 409, 84 S.Ct. 457, 460, 11 L.Ed.2d 435 (1964). See, *Chromalloy Min. & Minerals, Etc. v. N.L.R.B.,* 620 F.2d 1120 (5th Cir. 1980) (employer promise to send employee to special school for training on the eve of union election is an unlawful labor practice.) Further, when an employer instigates and promotes a decertification proceeding and then by means of threats, coercion or promises of economic benefit induces employee support for the decertification proceedings, that employer has committed an unfair labor practice. *N.L.R.B. v. Sky Wolf Sales,* 470 F.2d 827 (5th Cir.1972); *N.L.R.B. v. Birmingham Publishing Co.,* 262 F.2d 2 (5th Cir.1958). As such claims, furthermore, are arguably subject to section 8 of the NLRA, they thereby are pre-

empted from review by the federal courts owing to the exclusive jurisdiction of the NLRB. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

The United States Supreme Court recently addressed the preemption issue as it pertains to claims arising under section 302(c). In *Kaiser Steel Corp v. Mullins,* 455 U.S. 72, 83, 102 S.Ct. 851, 859, 70 L.Ed.2d 833 (1982),[2] the Court stated the general preemption rule:

> The NLRB is vested with primary jurisdiction to determine what is or is not an unfair labor practice.... [F]ederal courts do not have jurisdiction over activity which 'is arguably subject to § 7 or § 8 of the [NLRA],' and they 'must deter to the exclusive competence of the National Labor Relations Board.' " *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245 [79 S.Ct. 773, 780, 3 L.Ed.2d 775] ... (1959).

■ The case *sub judice* is nothing more than a charge of an unfair labor practice. The defendant allegedly instigated a decertification proceeding and offered sympathetic employees economic inducements for their support. Further, actions taken by the Union prior to the initiation of this present cause reveal that the Union believed that the defendant committed an unfair labor practice. On July 9, 1984, four days before the decertification hearing, the Union filed an unfair labor practice charge against the defendant. The NLRB investigated the charges and found no evidence to support the claim of employer assistance with the decertification effort. The regional director refused to issue a complaint but did advise the Union of its right to appeal that determination. The Union did appeal to the General Counsel. The appeal apparently was denied. The Union now has

pending before the NLRB its motion for reconsideration as well as a new charge of unfair labor practices arising from the decertification effort.

The claims presented by the Union fall squarely within those activities that are arguably subject to section 7 or section 8 of the NLRA. Further, continued litigation of this matter would be tantamount to providing the Union with a means of circumventing unfavorable decisions by the NLRB regarding its unfair labor practice claims. This court, therefore, will defer to the expertise of the NLRB.

The court additionally notes that while there is little precedent for determining whether section 302(a)(3) provides civil remedies, those courts addressing the matter have found that this section provides only criminal penalties for violations of its provisions.

> [N]othing in the legislative history or in the cases ... indicates that [section 302] was enacted for the purpose of proscribing employer assistance to a decertification drive. While such assistance may violate other federal labor law statutes, such as § 8(a)(2) of the National Labor Relations Act, § 302 was not designed to reach that type of activity. Section 302 is a criminal statute enacted to prevent employers from 'tampering with the loyalty of union officials and to prevent unions from extorting tribute from employers.' *Alverez [Alvares] v. Erickson,* 514 F.2d 156 (9th Cir.1975), cert. denied, 423 U.S. 874 [96 S.Ct. 143, 46 L.Ed.2d 106] (1975).

*Oil, Chemical and Atomic Workers Union, etc. v. Chevron,* Case No. C82–512V (W.D.Wash., January 13, 1983). Contra, *Oil Workers Local 1–1978 v. Standard Oil Co.,* 112 LRRM 2109 (W.D.Wash.1982).[3]

In that case, the Court determined that an employer had the right to sue for monetary damages under section 303 of the LMRA, 29 U.S.C. § 187. Section 303(b) specifically provides that anyone injured by violation of section 303(a) may sue for damages in any United States district court. In contrast, section 302 provides

**2.** The Court did rule of the merits of the claim as it involved the federal court's duty to determine whether a labor contract violated federal law before the contract would be enforced by court action.

**3.** *International Longshoremen's v. Juneau Spruce Corp.,* 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275 (1952) is not applicable to the case at bar.

The Union also maintains that the actions taken by the defendant violate federal RICO laws. A RICO cause of action is available only when a party suffers an "injury in his business or property...." 18 U.S.C. § 1964(c). That injury, however, must cause a proprietary type of damage to the individual's property or business. See, *Bankers Trust Co. v. Rhoades*, 741 F.2d 511 (2nd Cir.1984).

The only injuries allegedly suffered by the Union are the attorneys fees and costs incurred by the decertification effort. At most, those injuries are incidental damages and do not rise to the type of proprietary damage for which RICO provides compensation. Thus, the Union fails to state a cause of action under federal RICO law.

Finally, as the federal claims must be dismissed, this court is without jurisdiction to address the merits of the pendent state claims. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss filed on behalf of the defendant be, and the same, is GRANTED. This cause is DISMISSED with prejudice.

criminal sanctions for violation of its provisions.

Further, the Union's analysis of section 303 to section 302/RICO fails. As stated previously, section 303 provides access to the courts for money damages; section 302 does not. Finally, assuming section 302 in conjunction with RICO provides civil relief, the Union has not sustained a RICO type injury.