Marvin L. WARNER,
Plaintiff-Appellant,

v.

ALEXANDER GRANT & COMPANY, a general partnership, Jose L. Gomez, individually, Robert A. Kleckner, individually, etc., Defendants-Appellees.

No. 86–5723.

United States Court of Appeals,
Eleventh Circuit.

Oct. 6, 1987.

Jeffrey M. Weissman, Sharber, Shevin, Shapo, Heil-Bronner & Book, P.A., Miami, Fla., for plaintiff-appellant.

Alvin M. Stein, Parker, Chapin, Flattau & Klimpl, New York City, Richard E. Brod-

sky, Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for defendants-appellees.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD *, Senior District Judge.

VANCE, Circuit Judge:

This case arises out of the collapse of ESM Government Securities, Inc., and its corporate affiliates ("ESM"). Numerous civil actions were filed against ESM's auditor, Grant Thornton a/k/a Alexander Grant & Co. and its individual general partners ("Grant"). Among those suing Grant were the trustee in bankruptcy of ESM, municipalities and financial institutions that had engaged in government securities transactions with ESM, and appellant Marvin L. Warner, Sr., an individual customer of ESM and principal of Home State Savings Bank of Ohio ("Home State") and American Savings & Loan Association of Miami, Florida ("ASLA"), two savings and loan associations that were customers of ESM. Warner filed this action on May 13, 1985, seeking damages, declaratory relief, costs and attorneys' fees against Grant and each of more than 100 present and former Grant partners. His complaint alleged that Grant had issued false and misleading reports on the statements of financial condition of ESM, and had participated in and aided and abetted a conspiracy to defraud Warner and the corporations in which he had an interest. The complaint also alleged negligence, willful, reckless and wanton conduct and breach of contract. Warner sought relief under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, federal RICO, 18 U.S.C. § 1961–68, and under state law. Warner also sought a declaratory judgment finding Grant liable to indemnify Warner and hold him harmless for legal expenses and any damages incurred in ESM related litigation. Warner had been sued personally for losses incurred by corporations in which he had an interest, and for an allegedly fraudulent transfer he had received from ESM in January, 1985.

Grant moved to dismiss, arguing that Warner had failed to allege compensable damages sustained by him individually, as opposed to damages sustained by corporations in which he had an interest. The district court dismissed Warner's first complaint without prejudice. The second complaint alleged that Warner sustained the following injuries in reliance on the false and fraudulent Grant financial reports: (1) that Warner's good name, credit and reputation in the business community had been damaged ("reputation damages"); (2) that Warner had been named a party defendant in several lawsuits, had incurred substantial litigation expenses and may suffer liability ("litigation expenses"); and (3) that Warner had sustained losses in connection with the transfer to Home State of certain real properties accompanied by a guarantee made in reliance on Grant financial statements and oral assurances concerning certain transactions between Home State and ESM ("capital contribution and guarantee damages").

Grant again moved to dismiss, alleging that Warner's second amended complaint was "substantively indistinguishable" from the previous complaint. In addition, Grant argued that Warner was not entitled to declaratory relief because a "declaratory judgment as to a party's right to indemnity or contribution is improper unless liability has been established in the underlying action." Warner responded by arguing that his complaint stated a valid claim under federal RICO and that his guaranteed additional investment in Home State, made in reliance on the Grant financial statement, constituted an independent, cognizable injury under the federal securities laws. The district court dismissed the second amended complaint without leave to amend.

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

Warner subsequently moved the district court to clarify its final order of dismissal as it related to any future accruing third party contribution or indemnity claims asserted by Warner in other ESM related law suits. Warner sought to have the district court clarify that its dismissal of the third party contribution and indemnity claims was on ripeness grounds, and not on the merits. The district court denied Warner's motion,[1] and this appeal followed.

## I. The Securities Fraud Claim

■ Warner alleged violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. In his second amended complaint, Warner alleged that he was a purchaser or seller of securities in that:

(a) the reverse repos engaged in by [Home State] and ASLA were purchase [sic] or sales of securities as to which the misrepresentations of Grant contained in its financial statements and reports for ESM and oral assurances of Gomez were material and relied upon.

(b) the merger of [Home State Financial] into [Home State] was a sale or purchase of a security, and the plaintiff's transfer of real property and guarantee to ODEF was a part of said sale or purchase as to which the misrepresentations of Grant contained in its financial statements and reports for ESM and oral assurances of Gomez were material and relied upon.

We hold that these allegations are legally insufficient for Warner to state a claim under the federal securities laws. The allegations concerning the reverse repos involve transactions that were engaged in by Home State and ASLA, not by Warner. Any losses sustained in connection with alleged misrepresentations as to these securities were suffered by Warner merely as a stockholder, and any actions under the federal securities laws are limited to those pursued by Home State and ASLA.

While it is true that a merger can constitute a purchase or sale of securities under the federal securities laws, Warner's allegation that the merger of Home State Financial into Home State constituted a purchase or sale of securities is also legally insufficient. The misrepresentations which Warner alleges in his complaint concern the financial condition of ESM, not of Home State or Home State Financial. These alleged misrepresentations were not "in connection with" the purchase or sale of securities to which Warner arguably had standing to sue, namely Home State Financial or Home State stock. *See Lutgert v. Vanderbilt Bank,* 508 F.2d 1035, 1038 (5th Cir.1975); *Head v. Head,* 759 F.2d 1172, 1175 (4th Cir.1985); *Chemical Bank v. Arthur Andersen & Co.,* 726 F.2d 930, 945 (2d Cir.) *cert. denied,* 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984).

## II. The Federal RICO Claims

■ The federal RICO statute has no requirement analogous to the "purchase or sale" requirement of the federal securities laws. To state a claim, Warner need only allege injuries personally sustained as a result of conduct violative of the federal RICO statute. It is clear, however, that Warner cannot sue under RICO for damages he sustained derivatively as a shareholder of corporations that relied on the Grant statements. *See, e.g., Stevens v. Lowder,* 643 F.2d 1078, 1080 (5th Cir. Unit B 1981). Thus, Warner does not state a claim when he alleges that when ESM collapsed, Home state became insolvent, causing Warner to lose voting control of Home State and "all the substantial value of his investment."

■ Warner does appear to allege some injuries that cannot properly be characterized as deriving solely from his status as a shareholder of Home State or ASLA. In particular, Warner alleges that Home State's insolvency deprived him of "the use of his substantial deposits" at that institu-

---

1. The record before us indicates that the district court did not intend to dismiss the third party contribution and indemnity claims on the merits. Our conclusion is also compelled by the

fact that had the court dismissed these claims with prejudice, it would have been reversible error.

tion. Warner also appears to allege that as a result of the Grant financial statements, he was a direct participant in a "down stream merger" between Home State and Home State Financial in which he was required to contribute $18 million in real property to the capital of Home State and guarantee the property's value at $23.7 million. If this contribution occurred as a result of Grant statements directed to Warner personally, any injuries arising therefrom were suffered by Warner personally, not derivatively. *See K–B Trucking Co. v. Riss International Corp.*, 763 F.2d 1148, 1154 (10th Cir.1985); *Davis v. United States Gypsum Co.*, 451 F.2d 659, 662 (3d Cir.1971).

Warner's complaint is flawed, however, because of his failure to distinguish between injuries sustained by him personally, and those suffered derivatively. Warner fails throughout his complaint to differentiate between himself, Home State and ASLA. Instead, the pleadings repeatedly refer to "plaintiff and/or HSSB [Home State] and/or ASLA." As the complaint is presently framed it is impossible for this court and the district court to determine whether Warner actually alleges injuries personally sustained as a result of the Grant financial statements. Thus, the district court correctly dismissed Warner's second amended complaint.

We conclude, however, that the district court abused its discretion in dismissing the complaint with prejudice. The district court's order contravened the well established policy in the federal courts favoring liberal pleading requirements. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportu-nity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Where a plaintiff seeks leave of the court to amend his pleadings, pursuant to Fed.R.Civ.P. 15(a), this court has held that absent prejudice to the defendant, bad faith or undue delay on the part of the plaintiff, it is an abuse of the court's discretion to deny leave to amend. *Bamm v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. Unit B 1981); *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. Unit A 1981). *See also Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir.1981). "[A]mendments to the pleadings are to be freely granted, even after a complaint has been dismissed." J. Moore, Moore's Federal Practice ¶ 15.02[1] (2d ed. 1948). Since there is no indication of bad faith or undue delay on Warner's part, nor any indication of prejudice to Grant, the district court abused its discretion when it dismissed Warner's RICO claim without leave to amend. We therefore reverse that portion of the district court's order. The plaintiff should be afforded an opportunity to cure, if he can, the defects in his RICO allegations.[2]

AFFIRMED in part, REVERSED in part and REMANDED.

---

2. Since we have concluded that Warner may be able to state a RICO claim with respect to his capital contribution and guarantee damages, for purposes of reviewing the district court's order of dismissal we need not address the issue of whether the alleged injuries to Warner's good name, credit and reputation in the business community, sustained as a result of the alleged RICO conspiracy, can state a claim for damages under RICO. *See Alexander Grant & Co. v. Tiffany Indus. Inc.*, 742 F.2d 408 (8th Cir.1984), *vacated on other grounds*, 473 U.S. 922, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985).

We also do not decide whether Warner's alleged "litigation damages" state a claim under federal RICO. If, as Grant asserts in this appeal, Warner did not assert these damages in his complaint, but merely sought costs and attorney's fees pursuant to the RICO attorney's fees clause, we cannot address this issue even if we were so inclined. Nonetheless, Warner should be able to amend his complaint to add such a claim, subject to any other legal restrictions.