**Richard RYLEWICZ, Thomas Cummings and Barbara Cummings, Plaintiffs,**

**v.**

**BEATON SERVICES, LTD.; United States Security Services Corporation; Financial and Technical Investigations, Inc.; Beaton & Associates, Inc.; Search International, Inc. d/b/a Recon, Inc. and S.I. Services; Fred Turner; Shelby Yastrow; McDonald's Corporation; International Intelligence, Inc. d/b/a Intertel; John Burke; Desnoyers & Associates, Defendants.**

**No. 85 C 10535.**

United States District Court, N.D. Illinois, E.D.

July 21, 1988.

Lowell E. Sachnoff, Arnold A. Pagniucci, Jeffrey T. Gilbert, Sachnoff, Weaver & Rubenstein, Clifford J. Shapiro, Theodore M. Becker, J. Samuel Tenenbaum, Becker & Tenenbaum, Chicago, Ill., for plaintiffs.

James R. Figliulo, Steven H. Gistenson, Thomas A. Foran, Richard Schultz, Kenneth W. Sullivan, John J. Foran, Foran, Wiss & Schultz, Alan H. Silberman, Frederic S. Lane, Robert H. King Jr., Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., Peter F. Vaira, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Evan A. Burkholder, John M. Huges, Lord, Bissell & Brook, Michael P. Connelly, Chadwell & Kayser, Michael H. King, Eric S. Palles, Jon K. Stromsta, Ross & Hardies, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

The allegations in this case arise from the latest round of a titanic struggle that the two opposing camps of litigants have engaged in.[1] The plaintiffs Barbara and Thomas Cummings and Richard Rylewicz bring this four-count amended complaint against the defendants alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, 42 U.S.C. §§ 1985(2), 1986,

the Fair Credit Reporting Act ("Act"), 15 U.S.C. §§ 1681–1681t, and a state law breach of contract claim. The defendants have responded by bringing several motions which contain myriad attacks on the plaintiffs' complaint. The plaintiffs countered by bringing a summary judgment motion of their own and by vigorously opposing the defendants' motions. The court will begin by ruling on the defendants' motions to dismiss Counts I, II, and III of the amended complaint.

When ruling on these motions pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will "take the allegations in the complaint to be true and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff(s)." *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). A complaint should be dismissed only when "it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle plaintiff to relief." *Id.* A "court must construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1986).

The pertinent facts as alleged in the amended complaint are as follows. On November 14, 1977 Central Ice Cream Company ("Central") filed a lawsuit against McDonald's Corporation and McDonald's System, Inc. ("McDonald's") alleging a breach of contract, fraud and other related claims in Illinois state court. In April, 1980, Central was adjudged a bankrupt and a trustee was appointed for the Central bankruptcy estate. The state court trial, which began on October 24, 1983, ended on January 20, 1984 when the jury returned a fifty-two million dollar verdict in favor of Central and its trustees in bankruptcy. During the trial, the plaintiff Thomas Cummings was the primary witness against McDonald's. Thomas Cummings is the President of Central and his wife Barbara is the owner of a substantial number of Central shares. Mc-

---

1. Judge Schmetterer's opinion in *In re Central Ice Cream Co.,* 59 B.R. 476 (Bankr.N.D.Ill.1985) (Schmetterer, J.), offers a detailed account of the factual background of this dispute.

Donald's filed a post-trial motion seeking judgment notwithstanding the verdict or, in the alternative, a new trial.

During the pendency of this motion, McDonald's along with the defendants Fred Turner, Shelby Yastraw, International Intelligence, Inc. d/b/a Intertel, Desnoyers & Associates and the USSC Group and SI Group "engaged in a multi-factual scheme and conspiracy involving the investigation, surveillance harassment and intimidation" of the plaintiffs.[2] Amended Complaint at 5, ¶ 24. The defendants engaged in their conspiracy to retaliate against Thomas Cummings for his trial testimony, to deter him from testifying again in the event of a new trial, to induce the Cummings not to oppose and to cooperate in the settlement of the Central litigation, and to influence any testimony that Mr. Cummings might give before the Bankruptcy Court. During the course of the conspiracy, the defendants compiled dossiers on the plaintiffs, obtained a consumer report concerning the plaintiff Rylewicz under false pretenses, and threatened to publicly disclose derogatory information concerning the plaintiffs. Amended Complaint at 7–8, ¶¶ 27–31. There were also acts of physical intimidation. *Id.* at 9–11, ¶¶ 37–43. The causes of action alleged in the first three counts of the amended complaint stem from the acts committed in furtherance of the defendants' conspiracy.

## I

### RICO

■ The defendants move to dismiss the Cummings' Count I RICO claim on several grounds. The defendants argue, among other things, that the Cummings lack standing to bring this RICO action and that the injuries claimed are not compensable under RICO. The court agrees. To state a claim under 18 U.S.C. § 1964(c), the plaintiffs must allege a violation of 18 U.S.C. § 1962 and an injury to their business or property *"directly* resulting from some or all of the activities constituting the violation." [3] *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806, 809 (7th Cir.1987) (emphasis added); 18 U.S.C. § 1964(c). The causation requirement must be satisfied to provide a prospective plaintiff with standing to sue under § 1964(c). *Pujul v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1205 (1st Cir.1987); *Nodine v. Textron, Inc.,* 819 F.2d 347, 348 (1st Cir. 1987). Moreover, "the compensable injury necessarily is the harm caused by [the] predicate acts" which constitute the violation of § 1962. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). As the Supreme Court held, " '[a] defendant who violates section 1962 is *not* liable to everyone he might have injured by *other* conduct, nor is the defendant liable to those who have not been injured.' " *Sedima,* 473 U.S. at 496–97, 105 S.Ct. at 3285, *quoting Haroco,* 747 F.2d at 398 (emphasis added).

■ The Cummings allege that they were injured in three ways as a result of the activities complained of in Count I. *See* Plaintiffs' Memo in Opposition to the De-

**2.** The "USSC Group" is composed of the defendants United States Security Service Corporation ("U.S.S.C."), Financial and Technical Investigations, Inc. ("FTI"), and Beaton Services Ltd. The "SI Group" is composed os Beaton & Associates, Inc. and Search International Inc. d/b/a Recon, Inc. and S.I. Services.

**3.** The plaintiffs contend that an *indirect* injury is also sufficient to state a claim under § 1964. *See Haroco, Inc. v. American National Bank and Trust Co. of Chicago,* 747 F.2d 384 (7th Cir. 1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Terre Du Lac Association, Inc. v. Terre Du Lac, Inc.,* 772 F.2d 467, 472–73 (8th Cir.1985) *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1460, 89 L.Ed.2d 718 (1986); *Pandick, Inc. v. Rooney,* 632 F.Supp. 1430, 1433 (N.D.Ill.1986)

(Duff, J.). Although these cases do indeed suggest that an indirect injury is sufficient to state a claim, the Seventh Circuit's opinion in *Marshall* along with other more recent cases make it clear that only a *direct* injury will suffice. *See also People of the State of Illinois v. Life of Mid–America Insurance Co.,* 805 F.2d 763, 764–65 (7th Cir.1986); *Carter v. Berger,* 777 F.2d 1173, 1176 (7th Cir.1985); *Coronet Insurance Co. v. Seyfarth,* 665 F.Supp. 661, 670 (N.D.Ill.1987) (Nordberg, J.); *In re American Reserve Corp.,* 70 B.R. 729, 733–34 (Bankr.N.D.Ill.1987) (Kocoras, J.); *In re Forty–Eight Insulations, Inc.,* 63 B.R. 415 (Bankr.N.D.Ill.1986) (Holderman, J.); *Dana Molded Products v. Brodner,* 58 B.R. 576, 580 (Bankr.N.D.Ill.1986).

fendants' Motion to Dismiss at 8, 20. First Mr. and Mrs. Cummings allege that McDonald's injured them in their respective capacities as President and major shareholder of Central by spending a large amount of money to conduct its racketeering campaign thereby reducing the amount of funds available to settle the Central Ice Cream litigation. Amended Complaint at 14, ¶ 57. This is precisely the type of indirect, derivative injury that does not confer standing on RICO plaintiffs. The Cummings were not parties to the state court litigation involving Central. *Cf. Miller v. Glen & Helen Aircraft, Inc.*, 777 F.2d 496, 498 (9th Cir.1985) (the plaintiff, who was a party to the settled litigation, was found to have standing to bring a private civil RICO action). Central, and not the Cummings, was the victim of the breach of contract and fraud that resulted in the favorable jury verdict. Moreover, the Central estate, and not the Cummings, would be the direct recipient of any funds generated by the settlement. It is certainly possible that the harm inflicted on Central had adverse effects on the Cummings. It is also possible that the Cummings would have been among the ultimate beneficiaries of an increased settlement in the event that McDonald's had not depleted its potential settlement funds by engaging in the alleged pattern of racketeering.

Notwithstanding the above, it is clear that standing is conferred only on the real party in interest. *Life of Mid–America Insurance*, 805 F.2d at 764–65; Fed.R.Civ. P. 17(a). The "real party in interest is the one who 'by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Life of Mid–America Insurance*, 805 F.2d at 764, *quoting* C. Wright, *Law of Federal Courts* § 70 (4th ed. 1983). Central is the real party in interest with respect to this particular injury. Therefore, the Cummings, as President and major stockholder of Central, lack standing to assert Central's claim. Numerous courts from this Circuit and others have declined to find standing where

the plaintiffs, as here, alleged only an indirect, derivative injury. *See* n. 3 and the cases cited within; *See also Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1530 (11th Cir.1987); *Warren v. Manufacturers National Bank of Detroit*, 759 F.2d 542, 544 (6th Cir.1985).

■ The Cummings also allege that they were injured in their business and property when the defendants Turner, Yastrow, and McDonald's maliciously and intentionally induced Borden, Inc. to break its employment contract with Thomas Cummings. Amended Complaint at 9, ¶ 35. This injury is also insufficient to confer standing on the Cummings. As stated above, compensable RICO injuries must be caused by the commission of one or more of the predicate acts constituting a violation of § 1962. *See Sedima*, 473 U.S. at 496–97, 105 S.Ct. at 3285. The Cummings allege a variety of predicate acts. *See* Amended Complaint at 12–14, ¶¶ 48, 49, 50, 54. None of these acts, however, were directed toward Borden. Consequently, Borden's dismissal of Cummings, even if wrongful, did not result from the commission of any predicate act. Accordingly, Cummings' loss of his employment at Borden is not a compensable RICO injury. *Sedima*, 473 U.S. at 496–97, 105 S.Ct. at 3285; *See also Nodine*, 819 F.2d at 349; *Morast v. Lance*, 807 F.2d 926, 933–34 (11th Cir.1987); *Cullom v. Hibernia National Bank of New Orleans, Louisiana*, 666 F.Supp. 88, 90 (E.D.La.1987).

■ Finally, the Cummings allege that they suffered damage to their business and property because they were forced to expend considerable time, effort and money investigating the defendants' conduct. Amended Complaint at 14–15, ¶ 58. In other words, the harmful consequences of the defendants' conduct caused the plaintiffs to conduct an investigation. The court notes as a preliminary matter that the effort and time that the Cummings expended in the course of their investigation is not an injury to "business or property" as required by § 1964(c).[4] The phrase "business and prop-

---

4. In pertinent part, § 1964(c) states that

(c) Any person injured in his business or property by reason of a violation of section

erty" excludes personal injuries or political damages. *Grogan v. Platt*, 835 F.2d 844, 846–47 (11th Cir.1988); *Zimmerman v. HBO Affiliate Group, ACS*, 834 F.2d 1163, 1169 (3d Cir.1987); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir.1987) (Patel, J., concurring). The term "property" contemplates something owned or possessed that an individual has a legitimate claim of entitlement to. *See Grogan*, 835 F.2d at 846–47; *Pohlot v. Pohlot*, 664 F.Supp. 112, 116 (S.D.N.Y.1987). Lost effort and time are properly characterized as non-compensable personal injuries.

The Cummings' complaint alleges many harmful consequences of the defendants' behavior including the two specific claims of damage discussed above. As previously stated, these injuries do not provide the Cummings with standing to bring a RICO claim. Furthermore, pecuniary losses, which occur incident to non-compensable RICO injuries are also non-compensable. *Grogan*, 835 F.2d at 846–47 (pecuniary losses resulting from non-compensable personal injuries are also non-compensable). Consequently, the cost of any investigation conducted with regards to Cummings' termination from Borden or to the reduction of the pool of potential settlement funds represents an injury that cannot be compensated under RICO. The Cummings further allege that they were subjected to great fear, ridicule, emotional distress, embarrassment, and harassment as a consequence of the defendants' conduct. Amended Complaint at 5–6, 11–12, ¶¶ 24, 44, 46. These injuries are non-compensable personal injuries. Consequently, the pecuniary losses incurred during the Cummings' investigation of the defendants' conduct which caused the injuries are also non-compensable under the RICO statute. *Grogan*, 835 F.2d 846–47. *See also Local 335, Hotel, Motel, Restaurant & Hi-Rise*

*Employees and Bartenders Union, AFL–CIO v. Pier 66 Co.*, 599 F.Supp. 761, 765 (S.D.Fla.1984). In *Local 335*, the Union alleged that the defendant bribed employees in order to get them to file a union decertification petition in violation of 29 U.S.C. § 186(a)(3). The Union brought a RICO action alleging that it was damaged by the expenditure of attorneys fees and costs incurred during the decertification effort. The court dismissed the RICO action stating that "those injuries are incidental damages and do not rise to the type of propriety damage for which RICO provides compensation." *Id.* at 765. The Cummings RICO claim will be dismissed because they have failed to allege that the defendants directly caused them to suffer a compensable RICO injury. Accordingly, Count I of the amended complaint is dismissed.

## II

### *Section 1985(2)*

■ The Cummings bring Count II of their complaint pursuant to 42 U.S.C. §§ 1985(2) and 1986. The Cummings allege that "the defendants conspired to deter and otherwise influence Thomas Cummings' testimony before the Bankruptcy Court by force, intimidation or threat and/or conspired to injure Thomas Cummings in his person or property on account of his testimony." Amended Complaint at 16, ¶ 52. The defendants move to dismiss this count on several grounds. Section 1985(2), "which provides a cause of action based on intimidation of witnesses in a federal court action," is divided into two segments. *Rode v. Dellarciprete*, 845 F.2d 1195, 1206 (3d Cir.1988). The Cummings bring their claim pursuant to the first clause.[5] To establish a cause of action, a plaintiff must allege that there was

---

1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c).

**5.** Section 1985(2) provides in pertinent part:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified....;

(1) a conspiracy between two or more persons,

(2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs.

*Malley–Duff & Associates v. Crown Life Insurance Co.,* 792 F.2d 341, 356 (3d Cir. 1986), *aff'd,* — U.S. —, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), *quoting Chahal v. Paine Webber,* 725 F.2d 20, 23 (2d Cir. 1984); *See also Rode,* 845 F.2d at 1206; *Miller,* 777 F.2d at 498.

The remedial provision of § 1985 is found in § 1985(3).[6] *Kush v. Rutledge,* 460 U.S. 719, 724, 103 S.Ct. 1483, 1486, 75 L.Ed.2d 413 (1983). Under § 1985(3), a *party* to the proceeding can recover for the intimidation of him or herself as well as for the intimidation of his or her witnesses. *See Rode,* 845 F.2d at 1206–07 (and cases cited within). The Cummings have not alleged that they were parties to the Bankruptcy Court proceeding.[7] The remaining issue is whether Thomas Cummings, as a witness in the proceedings, has standing to bring a § 1985(2) action.[8] The Ninth Circuit has expressly held that an intimidated witness who is not a party does not have standing to bring a cause of action under § 1985(2). *David v. United States,* 820 F.2d 1038, 1040 (9th Cir.1987); *Miller,* 777 F.2d at 498. The Third Circuit has intimated approval of this position. *Rode,* 845 F.2d at 1207. On the other hand, a few district courts have granted an intimidated witness standing to sue. *See Hoopes v. Narcrelli,* 512 F.Supp.

363, 368 (E.D.Pa.1981); *Kelly v. Foreman,* 384 F.Supp. 1352, 1353 (S.D.Tex.1974); *Crawford v. City of Houston,* 386 F.Supp. 187, 192 (S.D.Tex.1974). The Seventh Circuit has expressed no opinion on this issue.

This court finds that the Ninth Circuit's position on this issue is persuasive. As a preliminary matter, the court notes that it is bound to give substantial weight to the opinions of other circuits in the event that the Seventh Circuit has yet to rule on an issue. *See Richards v. Local 134, International Brotherhood of Electrical Workers,* 790 F.2d 633, 636 (7th Cir.1986). Moreover, the Ninth Circuit's position is supported by the statute's language. By its terms, the statute limits recovery to "the *party* so injured or deprived." *See* 42 U.S.C. § 1985(3) (emphasis added). The "plain language is the best evidence of the statute's meaning" and will govern unless it is either contrary to clearly expressed legislative intent or would produce an absurd result. *See Meredith v. Bowen,* 833 F.2d 650, 654 (7th Cir.1987); *Dyer v. United States,* 832 F.2d 1062, 1066 (9th Cir.1987). Limiting recovery to parties would not be contrary to Congress' intent nor would it lead to absurd results. *See Chahal,* 725 F.2d at 24 ("Congress' purpose ... was to protect citizens in the exercise of their constitutional and statutory rights to enforce laws enacted for their benefit.")

Furthermore, " 'where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

---

42 U.S.C. § 1985(2).

**6.** Section 1985(3) provides in pertinent part that:

[I]n any case of conspiracy set forth in this section, if on or more persons engaged therein do ... any act in furtherance of the object of such conspiracy whereby another is injured in his person or property ... the party so injured ... may have an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.

42 U.S.C. § 1985(3).

**7.** The court notes that Thomas Cummings along with the other shareholders were in fact not parties in the Bankruptcy Court proceedings.

*In Re Central Ice Cream Co.,* 62 B.R. 357, 360 (N.D.Ill.1986) (Leinenweber, J.); *In Re Central Ice Cream Co.,* 836 F.2d 1068, 1070 (7th Cir. 1987).

**8.** Mrs. Cummings was neither a witness nor a party to the bankruptcy court proceedings. Moreover, she makes no allegation that *she,* as opposed to Mr. Cummings, was in any way intimidated or hampered from *testifying. Cf. Rode,* 845 F.2d at 1207. Consequently, she does not have a § 1985(2) cause of action against the defendants. *Id.* Finally, Mrs. Cummings does not have standing to assert a violation of her husband's civil rights. *See Curtis v. Peerless Insurance Co.,* 299 F.Supp. 429, 434 (D.Minn. 1969). Accordingly, Mrs. Cummings § 1985(2) suit is dismissed.

Congress acts intentionally and purposefully in the disparate inclusion or exclusion.'" *Rusello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983), *quoting United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.1972). In this case, Congress included language about "witnesses" and "parties" in § 1985(2) yet excluded any language about "witnesses" in the relief provision of § 1985(3). Therefore, the court will presume that Congress intentionally excluded "witnesses" from § 1985(3) and intended that only "parties" would obtain relief. As stated above, Thomas Cummings failed to allege that he was a party to the Bankruptcy Court proceedings. Consequently, his § 1985(2) cause of action is dismissed.

### III

### *42 U.S.C. § 1986*

The Cummings' failure to state a claim under § 1985(2) precludes them from stating a claim under § 1986. *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir.1986); *Morast*, 807 F.2d at 930 (11th Cir.1987); *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318, 325 (10th Cir.1985), *cert. denied*, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986).

### IV

### *Fair Credit Reporting Act*

The plaintiff Rylewicz brings Count III of the amended complaint against the defendants pursuant to the Fair Credit Reporting Act ("Act"), 15 U.S.C. §§ 1681–1681t. The defendants McDonald's Corporation, Turner, Yastrow, Burke, Intertel, and Desnoyers & Associates move to dismiss Count III on the grounds that it is barred by the applicable statute of limitations. These defendants along with the defendants Beaton Services, Ltd., United States Security Services Corporation ("U.S. S.C."), and Financial and Technical Investigations, Inc. ("FTI") also move to dismiss Count III on the grounds that the allegations are insufficient to state a cause of action under the Act. The court grants relief as follows.

The running of the statute of limitations, which is an affirmative defense, will be an appropriate ground for dismissal if it "clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir.1984), *aff'd*, 764 F.2d 1400 (11th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986). The Seventh Circuit has held that where the "[p]laintiff by the allegations of his complaint erected the limitation bar ... it is his duty in order to extricate himself therefrom to plead any exceptions upon which he relied." *Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir.1954), *cert. denied*, 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721 (1955); *See also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (8th Cir.1980) (motion to dismiss on the basis of the statute of limitations will be granted if the allegations of the complaint do not establish the the the statute was tolled); *Steward Coach Industries, Inc. v. Moore*, 512 F.Supp. 879, 886 (S.D.Ohio 1981).

The relevant statute of limitations under the Act is two years. *See* 15 U.S.C. § 1681p. On December 20, 1985, Rylewicz filed his original complaint against Beaton, U.S.S.C., and FTI alleging that they violated the Act in February 1984 by obtaining a consumer report concerning Rylewicz. On June 2, 1986, Rylewicz filed an amended complaint and added the remaining defendants to his cause of action under the Act. Thus, the amended complaint is untimely by more than three months with respect to the joined defendants. Rylewicz makes two arguments in his effort to avoid the bar of the statute of limitations.

■ First, Rylewicz argues that the doctrine of equitable tolling should apply to toll the statute of limitations. Under this doctrine, the statute would be tolled until Rylewicz discovered, or should have discovered through the exercise of reasonable diligence, that the defendants fraudulently obtained information about him. Rylewicz alleges that he learned of the violation in October, 1985, Amended Complaint at 18, ¶ 24. The The Third Circuit has addressed the question of whether the equitable toll-

ing doctrine, or "discovery" exception, should be read into the Act in *Houghton v. Insurance Crime Prevention Institute,* 795 F.2d 322 (3d Cir.1986). The court noted that Congress had explicitly included a tolling provision in § 1681p. *Id.* at 324. The court stated that "where Congress has enunciated an exception to a general prohibition, 'additional exceptions are not to be implied absent of evidence of a contrary legislative intent.'" *Id.* at 325, *quoting Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980). The court found that there was no evidence that Congress intended to include a "discovery" exception in addition to the already included tolling provision. *Id.* Accordingly, the court declined to read a "discovery" exception into the Act. *Id.* This court will follow the Third Circuit's holding. The court further notes that the Act's tolling provision does not apply to this case. Rylewicz does not contend otherwise.

■ Rylewicz also argues that the filing date of the amended complaint should relate back to the filing date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c). The plaintiff must prove four elements to establish relation back under Rule 15(c). *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Rylewicz must show that

(1) the basic claim ... [arose] out of the conduct set forth in the original pleadings; (2) the party to be brought in ... received such notice that it will not be prejudiced in maintaining its defense; (3) that [the] party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements ... [were] ful-

filled within the prescribed limitations period.

*Schiavone,* 106 S.Ct. at 2384. The first element is clearly satisfied although the second and third elements are in dispute. The court will focus on the third element as it is dispositive of the issue.

The Seventh Circuit has previously construed the "mistake" requirement in Rule 15(c)(2). *See Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980); *Norton v. International Harvester Co.,* 627 F.2d 18, 22–23 (7th Cir.1980). In *Wood,* the Seventh Circuit held that Rule 15(c)(2) "permits an amendment to relate back *only* where there has been an error made concerning the identity of the proper party ... but it does not permit relation back where ... there is a *lack of knowledge* of the proper party." *Wood,* 618 F.2d at 1230 (emphasis added); *Cf.* Wright & Miller, *Federal Practice and Procedure* § 1498 at 268–69 (Supplement 1987). Relation back, assuming the other requirements are met, is generally permitted to correct a misnomer, e.g. where a partnership is erroneously sued as a corporation. In *Norton,* the court declined to take a more expensive view of Rule 15(c)(2) and explicitly followed the *Wood* decision. *Norton,* 627 F.2d at 22–23; *See also Schiavone,* 106 S.Ct. at 2385 (the plain language of a Rule should be heeded). In this case, Rylewicz virtually concedes that he lacked knowledge as to the proper defendants at the time the original complaint was filed.[9] Plaintiffs' Memorandum in Opposition to the Motions to Dismiss at 70. As a result, the joined defendants were not omitted from the original complaint due to a mistake concerning the identity of the proper party. Consequently, Rylewicz has failed to establish that his amended complaint should relate back under Rule 15(c). Accordingly, the amended complaint is barred by the statute of limitations as to the defendants McDonalds,

---

**9.** The pertinent portion of the plaintiffs' brief states that

[f]urther investigation by plaintiffs' counsel *after the original lawsuits were filed,* including meetings with those parties named as original defendants and their counsel, revealed the extensive relationship between and among all the defendnts named in the First Amended

Complaint and the identity of the ultimate users of the information obtained under false pretenses in violation of the [Act]. Counsel then took steps to amend the Complaint consistent with the facts revealed during this investigation. (Emphasis added).

*Id.*

**1400**

Turner, Yastrow, Burke, Intertel, and Desnoyers & Associates.

■ The defendants have also moved to dismiss Count III on the grounds that Rylewicz failed to properly allege a cause of action against them. The Act "provides damages when a credit report user willfully and knowingly obtains a credit report under false pretenses for an impermissible purpose." *Zamora v. Valley Federal Savings & Loan Association of Grand Junction,* 811 F.2d 1368, 1369 (10th Cir.1987); *Kennedy v. Border City Savings & Loan Association,* 747 F.2d 367, 369–70 (6th Cir. 1984); *Hansen v. Morgan,* 582 F.2d 1214, 1219 (9th Cir.1978); 15 U.S.C. §§ 1681b, 1681n, 1681q. The question of "[w]hether a consumer report has been obtained under false pretenses will ordinarily be determined by reference to the permissible purposes for which consumer reports may be obtained, as enumerated in § 1681(b)." *Zamora,* 811 F.2d at 1370. A user who falsely represents that he or she is obtaining a consumer report for a permissible purpose while secretly seeking the report for an impermissible purpose is subject to liability under the Act for obtaining information under false pretenses. *Id; Hansen,* 582 F.2d at 1219–20. The defendants, contrary to their stated permissible purpose, obtained the consumer report to facilitate the various and sundry acts of harassment and intimidation alleged in Counts I and II. Amended Complaint at 18, ¶ 20. Needless to say, the defendants' purpose for obtaining the report is not among the permissible purposes for obtaining a consumer report under the Act. 15 U.S.C. § 1681b.[10]

The remaining defendants further assert that Count III should be dismissed because Rylewicz has failed to adequately allege that they were "users" and that they "willfully" obtained the information in question.

Under the Act, the term "user" "refers not only to the ultimate destination of a credit report but also encompasses the person who acquires it for another." *Boothe v. TRW Credit Data,* 557 F.Supp. 66, 71 (S.D. N.Y.1982); *See also Yohay v. City of Alexandria Employees Credit Union,* 827 F.2d 967, 973 (4th Cir.1987) (same definition as above). The amended complaint, given the above definition, properly alleges that Beaton was a "user" of information under the Act and that it wilfully obtained information under false pretenses in violation of the Act. *See* Amended Complaint at 17–18, ¶¶ 19–20. Consequently, Rylewicz has properly stated a cause of action against Beaton.

■ The final question concerns whether there are sufficient allegations to support a claim of liability against the remaining defendants, U.S.S.C. and FTI. The pertinent allegations of Count III are for the most part conclusory ones that would not, without more, survive a motion to dismiss. *See* Amended Complaint at 18, ¶¶ 20–24. Nevertheless, the court finds that Rylewicz has stated a cause of action against the defendants after considering the allegations in Count III in conjunction with other allegations within the complaint. Specifically, paragraph 24 of Count I alleges that all of the defendants "engaged in a multifaceted scheme and conspiracy involving the investigation, surveillance, harassment and intimidation" of the plaintiffs. Amended Complaint at 5, ¶ 24. Given this, the actions taken by Beaton in furtherance of the conspiracy can be attributed to its co-conspirators U.S.S.C. and FTI. *Old Security Life Insurance Co. v. Continental Illinois National Bank and Trust Co. of Chicago,* 740 F.2d 1384, 1397 (7th Cir.1984). Consequently, Beaton's successful effort to obtain the consumer report under false pre-

---

**10.** In light of this, the U.S.S.C. and FTI defendants' assertion that Count III should be dismissed because the defendants had a proper purpose in obtaining the information is rather anomalous. These defendants state that obtaining the consumer report in connection with the Central litigation was in accordance with a "legitimate business need" in connection with a "business transaction" with the consumer as defined by 15 U.S.C. § 1681b(3)(E). However, the

district court opinion cited in support of this proposition was reversed by the Third Circuit. *Houghton v. New Jersey Manufacturers Insurance Co.,* 615 F.Supp. 299, 304 (E.D.Pa.1985), *rev'd,* 795 F.2d 1144 (3d Cir.1986). The Third Circuit expressly refused to adopt the lower court's expansive definition of what constitutes a "business transaction" under the Act. *Id.* at 1149–50. Consequently, the motion to dismiss on this ground is denied.

tenses furthered the defendants' conspiracy and can be attributed to all of the defendants including U.S.S.C. and FTI. Accordingly, the defendants' motion to dismiss Count III is denied as to Beaton, U.S.S.C. and FTI.

## V.

### Breach of the Settlement Contract

█ The Cummings bring Count IV of the amended complaint against McDonald's alleging that it breached a settlement contract relating to the Central litigation under Illinois law. Both parties moved for summary judgment on this count. The court will exercise its discretion and relinquish federal jurisdiction of this pendent state law claim because all of the underlying federal claims against the defendant McDonald's have been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1178 (7th Cir. 1987). Consequently, the court will deny both parties' motions for summary judgment.

## VI.

### Motions To Sever, Strike, Stay and for Protective Orders

The defendants' motions to sever Counts III and IV, to Stay Counts I and II, and to strike various portions of Counts I and II are moot. Accordingly, these motions are denied. The remaining parties are directed to reevaluate their need for protective orders, supplemental document requests, and other discovery matters in light of this court's opinion.

### Conclusion

The court will not attempt to restate the rulings contained in the body of this opinion. Instead, it concludes by requesting that the parties read the opinion carefully and bring any apparent misunderstandings to the court's attention as soon as possible.