Joseph and Deborah CUZZUPE, and Tina Cuzzupe, an infant, by her parent and natural guardian, Joseph Cuzzupe, Plaintiffs,

v.

PAPARONE REALTY COMPANY, Brokers Mortgage Service, Richard Campbell, Keith and Deborah Raveling, Rosalie Dear, Marie Rose, Rhoda-Riiff, Daniel J. and Joan M. Riiff, his wife, Estate of James Joyce, Deceased, Carole Houser and Township of Gloucester, Defendants.

Civ. A. No. 83–4485.

United States District Court, D. New Jersey.

Nov. 1, 1984.

Sandra T. Ayres, Plainsboro, N.J., Robert J. Sugarman, Sugarman, Denworth & Hellegers, Philadelphia, Pa., for plaintiffs.

Stephen M. Orlofsky, Blank, Rome, Comisky & McCauley, Haddonfield, N.J., for defendant Gloucester Tp.

## OPINION

GERRY, District Judge.

This is a civil RICO case arising out of the hazardous landfill in Gloucester Township, New Jersey. There are also a § 1983 claim and pendent state claims. As to some of the other defendants, there are still viable claims under RICO and state tort law. The only remaining counts against the Township of Gloucester are the RICO count and a § 1983 count in which it is alleged that the actions of the Township constitute a "taking" without due process of law. The Township, based on a recent Supreme Court case and New Jersey eminent domain and landfill statutes, is moving to dismiss the § 1983 count. The Township is further moving for an order narrowing the types of damages the plaintiffs may recover against them.

In a previous opinion of May 4, 1984, we denied the defendant's motion to dismiss the § 1983 count. The defendant had urged that, even if the Township's actions could be deemed a "taking," the State of New Jersey provided an adequate post-deprivation remedy such that due process was not violated. The defendant relied on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420, for the proposition that the existence of such a remedy defeated a § 1983 due process claim, and pointed to the New Jersey Tort Claims Act as the appropriate remedy. We held that *Parratt* was inapplicable, since, in our view, it only applied to negligent conduct, not the intentional conduct alleged in the complaint. We further held that even if *Parratt* reached intentional conduct, it was still not applicable, since the Tort Claims Act, a statute not covering intentional, tortious conduct, could not be said to constitute an adequate remedy.

On July 3, 1984, the Supreme Court extended *Parratt* and for the first time squarely held that a § 1983 suit is barred where an adequate post-deprivation remedy exists, even where the challenged conduct of the state actor was intentional. *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

■ The defendant concedes, for the purpose of this motion, that its conduct was intentional. It states, however, that there are two adequate New Jersey statu-

tory remedies. The first such remedy, it is argued, is the "Sanitary Landfill Facility Closure and Contingency Fund Act," N.J. S.A. 13:1E–100 *et seq.* This statute does indeed provide for the state to pay compensation to persons damaged by the operations of a landfill. 13:1E–106. However, it also states that the state shall have subrogation rights in any recovery an injured person receives. 13:1E–111. The plaintiffs argue that this latter provision defeats a claim that there is an adequate remedy. Literally, the Landfill Act *is* an adequate remedy because the injured person is in no way *required* to sue the responsible party. The plaintiffs argue that for policy reasons the court should reject the Township's argument because "encouraging" injured persons to forego lawsuits against responsible parties would undermine the state compensation fund. This, it seems, is beside the point. The fact remains that the state is willing to compensate the plaintiffs. Thus, the Township's argument has merit. Moreover, this same statute provides another possible remedy against the Township itself, providing for suit against the Township as owner and/or operator of a landfill. *See* 13:1E–103.

In addition, the defendant urges that the Eminent Domain statute, N.J.S.A. 20:3–1 *et seq.*, also provides an appropriate post-deprivation remedy. This clearly seems to be the case. Although the statute itself does not explicitly cover inverse condemnation actions, such as this case arguably presents, the New Jersey courts have stated that an aggrieved landowner may bring suit under the statute, bringing a mandamus action to compel institution of condemnation proceedings. *Matter of Jersey Central Power & Light,* 166 N.J.Super. 540, 400 A.2d 128 (App.Div.1979).

The plaintiffs argue that the facts of this case do not readily fit into the typical "taking" pattern, because the Township's misconduct preceded their purchase of the property. But it is the plaintiffs who are the ones to have urged the court to treat this matter as a taking. If it is not a taking, then the due process clause does not apply. If it is a taking (arguably at least), the New Jersey courts are competent to decide the matter.

Finally, in urging the court to reject the use of *Hudson v. Palmer,* the plaintiffs point to this phrase in the opinion:

post-deprivation remedies [still] do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.

*Hudson, supra,* —— U.S. at ——, 104 S.Ct. at 3203. The plaintiffs argue that the Township's conduct constituted, *de facto,* an established state procedure. This point is inapposite, whether true or not. The Supreme Court seems to be referring to state procedures which, in themselves, make their very use ineffective and meaningless in redressing the alleged wrong. This is not the situation presented here. Whatever it is the Township did here, there exist independent procedures, outlined above, which afford redress.

Accordingly, the court will at this time dismiss the § 1983 count of the complaint.

In their amended complaint, ¶ 59, the plaintiffs allege a variety of damages: (a) injury to land, (b) diminution in market value of property, (c) loss of use of property, (d)—(j): mental suffering, physical injury, and many variations of the same. The defendant has now successfully whittled down the plaintiffs' case against it to the one RICO count. Conceding that the damages alleged in ¶ 59(a), (b) and (c) are recoverable under RICO, the defendant argues that the various forms of physical and emotional distress alleged in ¶ 59(d)—(j) are not compensable in a civil RICO action.

We turn first to the language of the statute. 18 U.S.C. § 1964(c) provides:

Any person injured in his *business or property* by reason of a violation of [RICO] ... may sue therefor ... and shall recover damages he sustains.

(Emphasis added.) The defendant argues that the statute plainly indicates that one may only sue for business or property losses. The plaintiffs argue that once it is established that a person has been injured in his business or property, he may recover for *all* losses *he sustains*. The defendant reads the provision as restricting recovery to commercial losses; the plaintiffs, predictably, do not.

The parties have apprised us of five cases which they believe address this issue. None do, however. The defendant's cases, *Bankers Trust v. Feldesman*, 566 F.Supp. 1235 (S.D.N.Y.1983), and *Van Schaick v. Church of Scientology*, 535 F.Supp. 1125 (D.Mass.1982), state that because § 1964(c) is modeled on the civil remedies provision of the anti-trust statutes, the civil RICO plaintiff may only recover for *competitive* injuries. The plaintiffs' cases, *In re Longhorn Securities*, 573 F.Supp. 255 (W.D. Okla.1983); *Gitterman v. Vitoulis*, 564 F.Supp. 46 (S.D.N.Y.1983); and *Kimmel v. Peterson*, 565 F.Supp. 476 (E.D.Pa.1983), reject the reasoning of the aforementioned cases that competitive injury is required. They in no way suggest, however, that non-business or non-property injuries are compensable.

■ Returning to the statute, we believe the proper reading of § 1964(c) is that the plaintiffs may recover only for business or property damages that are sustained. This is not only a fair reading of the language but also recognizes that RICO was designed to eliminate pernicious *commercial* practices. Further, looking again at the anti-trust statute, we know of no cases under it which suggest that once a plaintiff can successfully show competitive (anti-trust) injury, he may then be compensated for all kinds of other injuries. Similarly, we do not believe that successfully showing a RICO injury to business or property entitles one to compensation for other types of injury.

Accordingly, the defendant's motion will be granted.