Sandra S. GROGAN, et al.,
Plaintiffs–Appellants,

v.

Brenda F. PLATT, Defendant,

Jane Doe, As Personal Representative of the Estate of William Russell Matix, Deceased, Defendant–Appellee.

No. 87–5299.

United States Court of Appeals, Eleventh Circuit.

Jan. 15, 1988.

Bruce A. Zimet, Fort Lauderdale, Fla., for plaintiffs-appellants.

Ronald P. Ponzoli, Miami, Fla., for defendant-appellee.

---

Before KRAVITCH and CLARK, Circuit Judges, and ESCHBACH [*], Senior Circuit Judge.

KRAVITCH, Circuit Judge:

We consider in this case another of the myriad issues of statutory interpretation presented by the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S. C. §§ 1961–1968: Does RICO's private civil action provision, 18 U.S.C. § 1964(c),[1] permit recovery for the economic aspects of personal injuries inflicted by predicate acts involving murder? [2]

## I.

In early 1986, the FBI began an investigation of a series of robberies, extortions, and attempted murders committed in Dade County, Florida. The FBI learned that this criminal activity was tied to a plan to steal large quantities of money when that money was being delivered to locations in southwest Dade County. On the morning of April 11, 1986, FBI Agents Benjamin Grogan and Jerry Dove observed Michael Lee Platt and William Russell Matix driving an automobile resembling one involved in a previous bank robbery and believed stolen from a person who had been shot and abandoned in a rockpit. Realizing that Grogan and Dove were following them, Platt and Matix attempted to flee in the stolen car. Grogan and Dove sounded their sirens and gave chase; six other FBI Agents followed in pursuit. A gun battle erupted in which Agents Grogan and Dove were killed and Agents John Hanlon, Gordon McNeill, Edmundo Mireles, Richard Manauzzi, and Gilbert Orrantia were injured. Agent Ronald

Risner apparently escaped without gunshot wounds.

The six FBI Agents who escaped death and the estates of the two slain agents filed a complaint seeking damages under the civil action provision of RICO, 18 U.S.C. § 1964(c), as well as under Florida law of wrongful death, assault and battery, and negligence. The estate of Matix moved to dismiss the complaint for failure to state a claim. It argued that the complaint sought damages for personal injuries that were not recoverable under civil RICO. Matix's estate also contended that the complaint failed to allege the existence of an enterprise, failed to allege an overt act in furtherance of a conspiracy to violate RICO, and attempted to state a claim that had not survived the death of Matix. The district court reasoned that under RICO, "a plaintiff can only recover ... if he has been injured in his business and property.... To this date no court has found that physical injury or death is included in the term 'business or property.'" The court thus dismissed the complaint for failure to state an injury to business or property and did not reach the defendant's other arguments.[3]

## II.

The background and purpose of RICO as a flexible tool in fighting organized crime are well known to the federal courts. As well known are the imaginative ways in which civil plaintiffs, attracted by RICO's provision for treble damages and attorney's fees,[4] have used this flexibility to their advantage. The Supreme Court has noted that "in its private civil version, RICO is evolving into something quite different from the original conception of its enactors." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3287, 87 L.Ed.

---

[*] Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. 18 U.S.C. § 1964(c) provides, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

2. Only one other court of appeals has considered this issue and has concluded, without lengthy discussion, that the answer is "no." *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 644 (6th Cir.1986).

3. The district court also dismissed the action against Platt's estate, which had answered the complaint.

4. *See* 18 U.S.C. § 1964(c).

2d 346 (1985). In *Sedima* and its companion cases, the Supreme Court disapproved several methods by which the courts of appeals had attempted to restrict the reach of civil RICO. The Court instructed as follows:

> Where the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. Those acts are, when committed in the circumstances delineated in § 1962(c), "an activity which RICO was designed to deter." Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.

*Sedima,* 105 S.Ct. at 3286. As the quotation indicates, however, some limits on civil RICO still exist, for only *recoverable* damages will flow from the commission of the predicate acts. RICO provides that "[a] person injured *in his business or property* by reason of a violation of section 1962 of this chapter may sue therefor." 18 U.S.C. § 1964(c) (emphasis added); *see Sedima,* 105 S.Ct. at 3285–86 ("In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation"). The words "business or property" are, in part, words of limitation; if Congress had intended for the victims of predicate acts to recover for all types of injuries suffered, it would have drafted the statute to read: "A person *injured* by reason of a violation of a section 1962 of this chapter may sue therefor...." *Cf. Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979) (words in Clayton Act identical to civil RICO preclude recovery for personal injuries) (dictum); *Urie v. Thompson,* 337 U.S. 163, 180–82, 69 S.Ct. 1018, 1029–31, 93 L.Ed. 1282 (1949) (in provision of Federal Employers' Liability Act permitting recovery by "any person suffering injury while he is employed," Congress did not intend to limit recovery to

injury by accident and exclude recovery for diseases). We are obliged to give effect, if possible, to every word used by Congress. *Reiter,* 442 U.S. at 339, 99 S.Ct. at 2331.

The appellants do not dispute that some aspects of damages normally recoverable for personal injuries, such as mental anguish, fall outside the rubric of "business or property." Nonetheless, they urge that persons who are killed or injured by RICO predicate acts suffer real economic consequences as a result, and these economic consequences fall within the category of injury to "business or property." This argument has some merit. For example, statutes permitting recovery for wrongful death are sometimes described as having the purpose of compensating survivors for their pecuniary loss resulting from the death of their source of support,[5] *see* Restatement (Second) of Torts § 925 comment a (1979); W. Keeton, *Prosser and Keeton on Torts* 949 (5th ed. 1984); 1 S. Speiser, *Recovery for Wrongful Death* § 3.1 (2d ed. 1975); 22 Am.Jur.2d *Death* § 12, § 17 (1965) (citing cases describing wrongful death action as one for injury to property), although the compensatory character of wrongful death actions has been diluted significantly as the states have begun to permit recovery for non-economic aspects of wrongful death, such as loss of companionship and survivors' mental anguish. *See, e.g.,* Fla.Stat.Ann. § 768.21 (West 1986). In a negligence action based on injuries to the person not resulting in death, plaintiffs commonly seek compensation for both pecuniary losses, such as loss of earnings, and non-pecuniary injuries, such as mental anguish and pain and suffering. *See generally* Restatement (Second) of Torts § 905, § 924 (1979).

Our task, however, is not to decide whether the economic aspects of damages resulting directly from personal injuries could, as a theoretical matter, be considered injury to "business or property," but rather to determine whether Congress intended the damages that plaintiffs seek in this case to be recoverable under civil RICO. Relying on the assumption that Congress intends the ordinary meanings of

---

**5.** Alabama's statute is a notable exception. *See Airheart v. Green,* 267 Ala. 689, 104 So.2d 687, 689 (1958) (describing damages recoverable under Homicide Act as "entirely punitive").

the words it employs, *see, e.g., Escondido Mutual Water Co. v. La Jolla Band of Mission Indians,* 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984), appellants argue that a common-sense interpretation of the words "business or property" includes the economic damages that result from injury to the person. We are not convinced that appellants' contention accurately captures the ordinary meaning of those words. In our view, the ordinary meaning of the phrase "injured in his business or property" excludes personal injuries, including the pecuniary losses therefrom. As a panel of the Second Circuit remarked, "[t]he requirement that the injury be to the plaintiff's business or property means that the plaintiff must show a proprietary type of damage. For example, a person physically injured in a fire whose origin was arson is not given a right to recover for his personal injuries; damage to his business or his building is the type of injury for which § 1964(c) permits suit." *Bankers Trust Co. v. Rhoades,* 741 F.2d 511, 515 (2d Cir.1984) (dictum), *vacated on other grounds,* 473 U.S. 922, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985); *see also Webster's Third New International Dictionary* 1818 (1986) (defining "property," *inter alia,* as "something that is or may be owned or possessed: wealth, goods... something to which a person has legal title").

Moreover, the pecuniary and non-pecuniary aspects of personal injury claims are not so separated as the appellants would have us accept; rather, loss of earnings, loss of consortium, loss of guidance, mental anguish, and pain and suffering are often to be found, intertwined, in the same claim for relief. We agree that "[h]ad Congress intended to create a federal treble damages remedy for cases involving bodily injury, injury to reputation, mental or emotional anguish, or the like, *all of which will cause some financial loss,* it could have enacted a statute referring to injury generally, without any restrictive language." *Morri-*

son *v. Syntex Laboratories,* 101 F.R.D. 743, 744 (D.D.C.1984) (emphasis added).

We do not deny that recovery for personal injury has pecuniary aspects. The Jones Act, for example, permits recovery for "personal injury" suffered by a seaman in the course of his employment and for "death ... as a result of any such personal injury," 46 U.S.C. § 688(a), yet the Jones Act also limits recovery to pecuniary damages. *Ivy v. Security Barge Lines,* 606 F.2d 524 (5th Cir.1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980).[6] Similarly limited is recovery under the Death on the High Seas Act, *see Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), although the survival provision of that statute refers to the death of the plaintiff "during the pendency ... of a suit to recover damages for personal injuries." 46 U.S.C. § 765. Rather than convince us that the pecuniary losses that are part of personal injuries constitute injury to "business and property," however, these statutes and cases suggest that pecuniary losses are so fundamentally a part of personal injuries that they should be considered something other than injury to "business or property."

Furthermore, as several courts have noted, RICO's civil action provision was modeled on that of the Clayton Act, which contains similar language. *E.g., Campbell v. A.H. Robins Co.,* 615 F.Supp. 496, 501 (D.Wis.1985); *Cuzzupe v. Paparone Realty Co.,* 596 F.Supp. 988, 991 (D.N.J.1984). The Supreme Court has indicated that personal injuries lie outside the scope of recovery permitted by the Clayton Act. *See Reiter,* 442 U.S. at 339, 99 S.Ct. at 2331.[7] We understand the perils in relying too closely on the analogy of the antitrust laws, which serve a purpose entirely different from that of RICO. *See Haroco, Inc. v. American National Bank & Trust Co.,* 747 F.2d 384, 391 n. 8 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); Note, *Civil RICO: The Temptation*

**6.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**7.** Appellants argue that the exclusion of personal injuries from the scope of recovery permitted by the Clayton Act results from the concepts of "direct injury" and "antitrust injury" required for recovery under the antitrust laws. *See*

and *Impropriety of Judicial Restriction,* 95 Harv.L.Rev. 1101, 1111–14 (1982). In this case, however, we do not face, as did the courts in *Sedima* and *Haroco,* the question of whether the general purpose of RICO warrants the creation of standing requirements that are not apparent from the face of the statute, but whether the plain language of the statute, which was modeled on the Clayton Act, authorizes recovery of a particular category of damages.

Appellants urge that to hold the pecuniary aspects of personal injury losses nonrecoverable under RICO would amount to rewriting the statute, because any recovery for racketeering activity based on murder would be precluded. *See* 18 U.S.C. § 1961(1)(A) ("racketeering activity" includes "any act or threat involving murder"). We disagree. Without ruling on hypothetical cases, we can conceive of injuries resulting from murder for which recovery would be possible that do not involve issues such as loss of earnings and loss of support that are part of many personal injury claims. *Cf. Von Bulow v. Von Bulow,* 634 F.Supp. 1284, 1309 (S.D.N.Y. 1986).[8]

Finally, we do not agree that the construction of the Clayton Act permitting recovery for lost employment opportunities, *Quinonez v. National Association of Securities Dealers,* 540 F.2d 824, 828 (5th Cir.1976), requires recovery in this case. We do not hold that plaintiffs may never recover under RICO for the loss of employment opportunities. We merely hold that the appellants cannot recover under RICO for those pecuniary losses that are most properly understood as part of a personal injury claim.

We are sympathetic to appellants' argument that permitting recovery in this case

would help to deter the kind of activity that RICO was designed to prevent. Nevertheless we must also ask whether appellants seek the kind of recovery that RICO was designed to afford. We can do no more than interpret the statute according to its plain language and as we believe Congress intended the language to be understood, and we do not understand Congress to have authorized recovery for these injuries.[9] If there is a defect in the statute, it "is inherent in the statute as written, and its correction must lie with Congress." *Sedima,* 105 S.Ct. at 3287.

Accordingly, the judgment of the district court is AFFIRMED.

*Brunswick Corp. v. Pueblo Bowl–O–Mat,* 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977); *Hamman v. United States,* 267 F.Supp. 420, 432 (D.Mont.1967). Appellants may well be correct that these requirements would lead to the preclusion of personal injury recovery, but the *Reiter* Court clearly was relying on principles of statutory construction when it indicated that personal injuries lay outside the scope of injury to "business or property."

8. We do not necessarily imply our approval of either the holding or any particular language in *Von Bulow.*

9. Appellants of course have a remedy in a state law action based on wrongful death, assault and battery, and negligence. The district court dismissed appellants' state law claims for lack of subject-matter jurisdiction but without prejudice to bring the claims in the proper forum.