988 F.2d 121
 RICO Bus.Disp.Guide 8234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Leonard SMITH, by his Guardian Ad Litem, Maudiebell
SMITH, Plaintiff-Appellant,
v.
CRYOLAB HEALTH BENEFIT PLAN; Cryolab Inc.; Dave
Martindale, in his capacity as named fiduciary of
an Employee Benefit Plan, Defendants,
and
Tomford Insurance Administrators, Inc.; Safeco Life
Insurance Company, Defendants-Appellees.
 No. 92-55169.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-88-3370-AWT; A. Wallace Tashima, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant William Leonard Smith appeals the district court's dismissal of his action against Safeco Insurance, Tomford Insurance Administrators, and the Cryolab Health Benefit Plan, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (1988). We review de novo a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). The decision of the district court may be affirmed on any ground finding support in the record. Id. Because appellant's complaint asserts only damages from personal injuries which are not covered under the provisions of RICO, we affirm.
 
 
 3
 To recover damages under RICO, a plaintiff must establish at least a genuine issue of fact that he was injured in his "business or property." 18 U.S.C. § 1964(c). "While RICO is to be 'liberally construed', it is well-established that not all injuries are compensable under this section." Oscar, 965 F.2d at 785 (citations omitted). "[I]t is clear that personal injuries are not compensable under RICO." Id.
 
 
 4
 Appellant asserts he has suffered economic damage to his business caused by a scheme to defraud. The damages he claims resulted from this fraud, however, were in fact only personal injuries. The three paragraphs in the complaint to which appellant refers in his brief contain allegations of purely personal injuries: "that Plaintiff was deprived of his best opportunity for a full recovery from the accident, due to a lack of proper medical care"; "that this lack of timely and adequate care continued"; and that plaintiff's "recovery was also adversely impacted by the Defendants' continuing adverse claims decisions." A plaintiff's claim of damages resulting from improper medical care are clearly damages sought for personal injuries.
 
 
 5
 Smith's claim of "economic damages" to his "business or property" caused by a lack of adequate medical care which affected "his ability to earn a livelihood" does not ground a cause of action under RICO. " 'In our view, the ordinary meaning of the phrase "injured in his business or property" excludes personal injuries, including the pecuniary losses therefrom.' " Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.1990) (quoting Grogan v. Platt, 835 F.2d 844, 847 (11th Cir.) (quotations omitted), cert. denied, 488 U.S. 981 (1988). To be entitled to recover, a "plaintiff must show a proprietary type of damage." Id. (emphasis added). It is immaterial that, as appellant notes, his personal injury claims are "concrete and measurable." Personal injury losses, whether measurable or not, are not permitted under RICO.
 
 
 6
 Allowing claims for pecuniary losses connected to personal injuries would be tantamount to allowing personal injury claims to proceed in federal court under RICO. "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Oscar, 965 F.2d at 786. The district court properly dismissed Smith's claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3