Ari P. TSIPOURAS, Plaintiff,

v.

W & M PROPERTIES, INC., Anthony E. Malkin, and Peter L. Malkin, Defendants.

No. 93 Civ. 5946(JES).

United States District Court, S.D. New York.

June 24, 1998.

**366**

Coti & Sugrue (Stephen R. Sugrue, of counsel), New York City, for Plaintiff.

Wien, Malkin & Bettex (Timothy P. Kebbe, Eli R. Mattioli, of counsel), New York City, for Defendants W&M Properties, Inc., Anthony E. Malkin and Peter L. Malkin.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Ari P. Tsipouras ("Tsipouras") brings the instant action against defendants W & M Properties, Inc. ("W & M"), Anthony E. Malkin and Peter L. Malkin alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Pursuant to Fed.R.Civ.P. 12(b), defendants move to dismiss the action, arguing, inter alia, that plaintiff lacks standing to bring the civil RICO claims alleged in his Second Amended Complaint. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

Between 1988 and 1991, Tsipouras was employed by W & M as an assistant vice president. See Second Amended Complaint dated September 26, 1994 ("2d Am. Compl."), at ¶ 8. During that time, Tsipouras claims that he was induced to perform valuable, personal services in connection with a number of real estate investment and development projects throughout the United States in return for promised bonus compensation.[1] See id.

Tsipouras claims that W & M's illegal actions violated RICO and prevented him from receiving his bonus.[2] He alleges that W & M and its counsel, the law firm of Wien, Malkin & Bettex ("WMB"), acted jointly as an "enterprise" under 18 U.S.C. § 1961(4). See 2d Am. Compl. ¶¶ 95–98. Tsipouras further claims that, by maintaining an interest in and controlling the enterprise, Anthony and Peter Malkin committed at least two predicate acts that amounted to a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5). See id. These alleged predicate acts include: (1) placing an interstate telephone call to create false employee time sheets so that W & M could wrongfully receive funds from American National Bank and Trust Company, in violation of 18 U.S.C. §§ 1341, 1343 and 1344, New York Penal Law § 175.10 and constituting fraud in con-

---

1. This bonus compensation was to come from the "Foxfire Project," see 2d Am. Compl. ¶ 11, the "1185 Avenue of the Americas Limited Partnership" (the "1185 Project"), see id. ¶ 17, the "Merrifield Project," id. ¶ 23, and the "Georgetown Project," Id. ¶ 29. Tsipouras maintains that although W & M agreed to pay him ten percent of all fees received and all profits generated upon closing of the "1185 Project," id.

¶¶ 15–19, W & M never paid him the bonus despite the project's successful closing. Id. ¶¶ 18–20.

2. On October 6, 1994, the parties filed a stipulation remanding the other fifteen claims raised in the First Amended Complaint back to New York State Supreme Court.

nection with the sale of securities, id. ¶ 108; (2) wrongfully applying $75,000 of the funds raised from the "Foxfire Project" for payment of false time charges, violating 18 U.S.C. §§ 1341 and 1343 and constituting fraud in connection with the sale of securities, id.; (3) evading tax obligations by falsely reporting income to the Internal Revenue Service, in violation of 18 U.S.C. § 1341, and constituting fraud in connection with the sale of securities and falsification of business records in violation of the New York Penal Law § 175.10, id.; (4) using funds belonging to the "1185 Avenue of the Americas Limited Partnership" (the "1185 Project") for purposes unrelated to that partnership, in violation of 18 U.S.C. §§ 1341 and 1343, and constituting fraud in connection with the sale of securities and falsification of business records in violation of the New York Penal Law, § 175.10, id.; (5) failing to take advantage of a refinancing opportunity for the "1185 Project" in order to facilitate tax evasion, id.; (6) aiding and abetting acts which involved interstate and international mail and wire fraud in an attempt to create the false appearance of wrongdoing by Tsipouras, in violation of 18 U.S.C. §§ 1341 and 1343, id.; and (7) repeatedly using funds belonging to the "1185 Project" to pay WMB's legal fees which resulted in false and misleading financial statements transmitted through the mail, constituting mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Id.

Defendants move to dismiss, arguing, inter alia, that even if all of plaintiff's allegations are true, the Second Amended Complaint must be dismissed because: (1) Tsipouras does not have standing to sustain a civil RICO claim because defendants' alleged RICO violations did not proximately cause his injury; and, (2) Tsipouras has not been injured in his business or property as required by 18 U.S.C. § 1861. See Defendant's Memorandum of Law dated October 26, 1993 ("Defs.' Mem.") at 7.

### DISCUSSION

To establish a cause of action under civil RICO, 18 U.S.C. § 1961, a plaintiff must: (1) establish, by clear and convincing evidence, a violation of the criminal RICO provision, 18 U.S.C. § 1962, see *Hecht v. Commerce Clearing House Inc.*, 897 F.2d 21, 23 (2d Cir.1990); (2) show an injury to his business or property, see *id.*; and, (3) prove causation—that the violation of the criminal RICO statute caused the injury to his business or property. Id.

Under Second Circuit case law, it is firmly established that an employee who is not the target of defendants' alleged racketeering activity lacks standing to bring a civil RICO claim against his former employer. See *Hecht*, 897 F.2d at 24; see also *Burdick v. Am. Express Co.*, 865 F.2d 527, 529 (2d Cir.1989); *Rand v. Anaconda–Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986). Here, Tsipouras has alleged no facts that would, when liberally construed, make him the target of his employer's alleged predicate acts. Instead, Tsipouras specifically alleges that defendants sought to defraud third-party banks, limited partners and the government. See 2d Am. Compl. ¶ 108. Furthermore, even if Tsipouras has standing to sue defendants, he has failed to allege any facts that would show causation. To prove causation under civil RICO, a plaintiff must establish a direct relationship between his injury, here the loss of an alleged bonus, and the alleged RICO pattern or acts committed by the defendants. See *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Where as here, a plaintiff alleges that he has been harmed by the defendant's acts towards another, the claim is too remote and plaintiff cannot recover. See *id.* Therefore, since defendants' actions were not directed at Tsipouras, they were not the proximate cause of his not receiving a bonus as compensation, and the required direct relationship between plaintiff's injury and defendants' acts is lacking in this case.

Moreover, Tsipouras has failed to plead injury to his business or property from defendants' criminal RICO conduct that is actionable. See *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); see also *Corcoran v. Am. Plan Corp.*, 886 F.2d 16, 20–21 (2d Cir.1989) (RICO claims dismissed where

plaintiff did not allege that he has a property right or interest in the monies purportedly stolen by defendants in the course of their mail fraud scheme). Tsipouras claims, inter alia, that defendants defamed his character and business reputation and intentionally inflicted emotional distress upon him. See 2d Am. Compl. ¶ 60. However, mere injury to character, business reputation, and/or the intentional infliction of emotional distress are not actionable under civil RICO. See *Grogan v. Platt*, 835 F.2d 844, 846 (11th Cir.1988), cert. denied, 488 U.S. 981, 109 S.Ct. 531, 102 L.Ed.2d 562 (1988); see also *Manson v. Stacescu*, 823 F.Supp. 76, 81 (D.Conn.1993). Furthermore, Tsipouras's bonus claims are not recoverable under civil RICO ·because "the fact of their accrual is speculative or their amount and nature unprovable." *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1104 (2d Cir.1988), cert. denied, 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989) (*citing Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). Finally, Tsipouras's conclusory allegations that he suffered "economic injury as a direct result of the certain predicate acts," see 2d Am. Compl. ¶¶ 113–115, and that defendants' improperly interfered with his financial interest in their real estate projects, see id. ¶ 113, "boil down" to his claim that he was injured because defendants *promised* him a bonus, which falls far short of the requisite interest necessary to sustain a civil RICO claim. See *Hecht*, 897 F.2d at 24 (finding that claim for lost commissions was too speculative); see also *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir.1994), cert. denied, 513 U.S. 1079, 115 S.Ct. 728, 130 L.Ed.2d 632 (1995) (noting that amount of damages to sustain a civil RICO claim must be "clear and definite"); *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1166 (2d Cir.), cert. denied, 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 334 (1993) (dismissing plaintiff's RICO claim for lack of standing where amount of plaintiff's injury was indefinite and unprovable).

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the Second Amended Complaint is granted. The Clerk of Court shall enter judgment accordingly and dismiss this action without prejudice.

**IT IS SO ORDERED.**