[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 08, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15079
Non-Argument Calendar

_____

D. C. Docket No. 03-00286-CV-J-25-HTS

ANDREW P. MOORE, II, an individual,

Plaintiff-Appellant,

versus

JOHN E. POTTER, and successors, officially,
MARSHA HARRISON, individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 8, 2005)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Andrew P. Moore, II, proceeding pro se, appeals the district court's order

granting the defendants' motions to dismiss his second amended complaint. A

U.S. Postal Service employee, Moore has alleged that appellees engaged in a litany of criminal acts, conspiracies and violations of his constitutional rights, all arising out of a workers' compensation dispute. Moore also appeals various discovery orders and the district court's denial of his Rule 60(b) motion. Because we find Moore's arguments without merit, we affirm the district court.

## I. Dismissal of Complaint for Failure to State a Claim

Moore argues that the district court erred in dismissing his complaint. His seven-count, second amended complaint alleged: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., (Counts One and Two); (2) a claim for false light invasion of privacy, (Count Three); (3) a Bivens action for violations of his rights under the First, Fifth, and Ninth Amendments, (Count Four); (4) conspiracy to obstruct justice, in violation of 42 U.S.C. § 1985(2), (Count Five); (5) neglect to prevent the conspiracy alleged in Count Five, in violation of 42 U.S.C. § 1986, (Count Six); and (6) aiding and abetting and vicarious liability (Count Seven).

We review de novo the district court's dismissal of a complaint for failure to state a claim, accepting the complaint's allegations as true, and construing them in the light most favorable to the plaintiff. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004). "[A] complaint should not be

2

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, the complaint must meet minimal pleading requirements, and "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc).

*A. Counts One and Two: RICO Act*

The RICO Act provides a private civil remedy to recover treble damages to "[a]ny person injured in his business or property by reason of a violation" of the substantive provisions contained in § 1962 of the RICO Act. 18 U.S.C. § 1964(c). "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000). While a civil RICO plaintiff must show that the racketeering activity caused him to suffer an injury, see 18 U.S.C. § 1964(c), a claim stemming from "personal injury, or pecuniary losses resulting from personal injury" is "not cognizable under RICO." Pilkington v. United Airlines, 112 F.3d 1532, 1536 (11th Cir. 1997); see also Grogan v. Platt, 835 F.2d 844, 847 (11th Cir. 1988) ("In our view, the ordinary meaning of the phrase

3

'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom."). Furthermore, we have held that plaintiffs "cannot recover under RICO for those pecuniary losses that are most properly understood as part of a personal injury claim." Grogan, 835 F.2d at 848.

B.  *Count Three: False Light Invasion of Privacy*

Florida law recognizes a claim for false light invasion of privacy under the tort of invasion of privacy. See Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So.2d 1239, 1252 n.20 (Fla. 1996) (identifying "false light in the public eye – publication of facts which place a person in a false light even though the facts themselves may not be defamatory," as one of the "four types of wrongful conduct" that can be remedied by an action for invasion of privacy). A person will be held liable for false light invasion of privacy if "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." See Restatement (Second) of Torts § 652E. Under Florida law this " tort of invasion of privacy must be accompanied by publication to the public in general or to a large number of persons." Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1315 (11th Cir. 1989).

4

*C. Count Four: <u>Bivens</u> claim*

In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, the Supreme Court provided for the possibility of a cause of action for monetary damages against federal officials in their individual capacities for a violation of a federal constitutional right. 403 U.S. 388, 395-97 (1971). However, the Supreme Court has held that a federal employee cannot maintain a cause of action against his supervisor for violations of his First Amendment rights, noting that the Civil Service Reform Act (CSRA) established a remedy for federal employees' employment-related constitutional claims. <u>Bush v. Lucas</u>, 462 U.S. 367, 385-90, (1983); <u>see also</u> <u>Wells v. Federal Aviation Administration</u>, 755 F.2d 804, 809-10 (11th Cir.1985) (applying same analysis in the context of a Fifth Amendment due process challenge); <u>Stephens v. Dep't of Health and Human Servs.</u>, 901 F.2d 1571, 1577 (11th Cir. 1990) (stating that "this court has recognized that the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related <u>Bivens</u> actions by federal employees.").

*D. Counts Five and Six: Conspiracy to Obstruct Justice*

In relevant part, 42 U.S.C. § 1985(2) makes it a violation if

two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the

5

United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . .

42 U.S.C. § 1985(2). Section 1986 provides, in relevant part,

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

42 U.S.C. § 1986.

The elements of a conspiracy claim under § 1985(2) are: (1) a conspiracy; (2) to deter a witness by force, intimidation, or threat from attending or testifying before a United States court; (3) that results in injury to the plaintiff. Morast v. Lance, 807 F.2d 926, 929-30 (11th Cir. 1987). "[A] § 1986 action is predicated on a successful conspiracy action under § 1985." Id. at 930.

*E.  Count Seven: Vicarious Liability*

Under Florida law, "vicarious liability involves the imposition of liability on one person for the actionable conduct of another, based solely on a relationship between the two persons." National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc., 286 F.3d 1233, 1262 (11th Cir. 2002) (quotation omitted).

*F.  Moore's Claims*

Upon review of the entire record, including Moore's second amended complaint, the defendants' motions to dismiss, and the parties' briefs, we hold that the district court did not err in dismissing the complaint pursuant to Fed .R. Civ. P. 12(b)(6) for failure to state a claim. Throughout his complaint, Moore failed to allege facts remotely sufficient to support the necessary elements, outlined above, for any of his claims. Accordingly, we affirm the district court's order granting the defendants' motions to dismiss Moore's second amended complaint.

## II. Discovery Orders

Moore argues that (1) the magistrate judge erred when he granted the defendants' joint motion for an enlargement of time to respond to discovery; (2) the magistrate erred when he denied Moore's motion for a protective order covering his wife's deposition; (3) the district court erred when it granted the defendants' motion for a stay of discovery; and (4) the district court erred when it struck his motion for summary judgment.

We review "the district court's discovery rulings . . . for an abuse of discretion." Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). In general, district courts have "broad discretion in deciding how best to manage the cases before them." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

*A. Enlargement of Time to Respond to Discovery*

Pursuant to Fed. R. Civ. P. 6(b), the district court, "for cause shown," may in its discretion order an extension of time to comply with a required act if a request "is made before the expiration of the period originally prescribed." We accord the district court "broad discretion" over pre-trial matters such as discovery and scheduling. See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001).

*B. Protective Order*

Upon motion by a party, and for good cause shown, a district court can limit discovery and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

*C. Stay of Discovery and Proceedings*

As the district court noted, we have instructed that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Chudasama, 123 F.3d at 1367 (footnote and citation omitted). We further

explained that delaying a ruling on the motion to dismiss "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs," and advised that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Id. at 1368 (footnote omitted).

*D. Moore's Arguments*

After the district court imposed a stay on discovery and all other proceedings pending the resolution of the motions to dismiss, Moore filed a motion for summary judgment. Thereafter, the district court struck Moore's motion for summary judgment, as it was filed in violation of the stay. We find no error in the district court's imposition of a stay, nor in its order to strike Moore's summary judgment motion.

Moreover, upon review of the record and the relevant discovery-related orders to which Moore objects, we hold that neither the magistrate nor the district court erred. First, since the district court properly dismissed the complaint under Fed. R. Civ. P. 12(b)(6), its discovery rulings are moot. Second, applying the standards discussed above, the district court did not abuse its broad discretion. Accordingly, we affirm as to all of its orders.

**III. Motion for Relief from Judgment**

9

We review "the district court's order denying relief under Rule 60(b) for abuse of discretion." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). We have explained:

> To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case.

Id. (citations omitted).

Moore's allegations of fraud are without merit, and are far from clear and convincing evidence that the judgment against Moore was obtained by fraud. See Waddell, 329 F.3d at 1309. Moreover, Moore did not show that he was prevented from fully presenting his case. See id. Accordingly, we hold that the district court did not err in denying Moore's motion to reopen, or in terminating his motion for relief from judgment, and affirm.

## IV. Conclusion

Based on the foregoing, we affirm the district court's dismissal of Moore's complaint as well as its related discovery and post-judgment relief orders.

**AFFIRMED.**