KLEINFELD, Circuit Judge,
with whom REINHARDT and BERZON, Circuit Judges, join, concurring:
I concur in the result. I write separately because my analysis differs from that in the majority unauthored opinion. I focus on the language of the statute. Mendoza v. Zirkle Fruit Co.[1] does not bind us, and in any event speaks mostly to causation rather than standing. Grogan v. Platt[2] and Doe v. Roe,[3] the Eleventh and Seventh Circuit cases, strain RICO’s statutory language. A careful reading of the statute cannot be reconciled with the “personal injury” exclusion in the Seventh and Eleventh Circuit cases.
The RICO statute tells us what kinds of injuries give rise to RICO claims. Some are in the nature of “personal injury” claims, and some are not. The section stating what gives rise to a claim, section 1964, says “Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court.”'[4] The words telling us what kind of wrong gives rise to a claim are “by reason of a violation of section 1962.” The phrase “injured in his business or property” is a further limitation, speaking not to the nature of the wrong, but rather to the *904 nature of the harm caused by the wrong. The word “therefor” in the phrase “may sue therefor” is a further limitation on the damages that can be awarded. The language telling us what kind of wrong gives rise to a claim, though, is “by reason of a violation of section 1962.” That is the only literal reading possible, and it makes perfect sense.
Section 1962, which section 1964 tells us defines the violations giving rise to civil claims, says “It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or Ibreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise’s affairs through a pattern of racketeering activity or collection of unlawful debt.”[5] This language says quite plainly that two kinds of wrongdoing violate this law: collection of an unlawful debt (not involved in this case) and “racketeering activity.” Again, this is the only literal reading possible, and it makes perfect sense.
The phrase “racketeering activity” is defined in section 1961. That extensive definition includes both direct injury to tangible property, such as “arson,” and also various kinds of wrongdoing that constitute “personal injury.” Among the “personal injury” wrongs that can constitute “racketeering activity” are “murder” and “kidnapping.” “Murder” is not an injury to business or property. It is a personal injury to a human being. Likewise kidnapping is also a personal injury to a human being. Murder and kidnapping fall within the “personal injury” torts of “wrongful death” and “false imprisonment.” There is no legitimate way to read the statute to exclude traditional personal injuries from actionable RICO racketeering conduct, because traditional personal injuries, including murder and kidnapping, are expressly listed in section 1961 as “racketeering” conduct that can give rise to claims under the statute.
Here is the plain and express logic of the statute: (1) section 1964 establishes a civil cause of action for a violation of section 1962; (2) section 1962 uses a term of art defined in section 1961 to denote violations; (3) section 1961 expressly provides that various personal injuries, as well as other kinds of wrongdoing, constitute the misconduct giving rise to a cause of action. I see no way around this plain language of the statute. That is why I part ways from Grogan and Doe, the Seventh and Eleventh Circuit cases holding that personal injury claims cannot give rise to RICO standing. If they were right, then the words “murder” and “kidnapping” in the statute would have to be wrong, which is impossible. Our tools of statutory construction do not include an eraser.
That is not the end of the standing inquiry. Conduct “by reason of’ a section 1962 violation is necessary, but not sufficient, for standing.[6] For a complaint to state a claim upon which relief can be granted, the plaintiff must allege not only a section 1962 violation but also that he was “injured in his business or property.” This second requirement is more of a problem for Diaz. The problem, though, is not whether the gravamen of his complaint is “personal injury,” because even if he alleged nothing but personal injury, that could plainly be a section 1962 violation. *905 The problem is whether the personal injury caused injury to business or property. Not everyone who suffers a racketeering injury denoted by section 1962 can state a claim under section 1964. Only those to whom the racketeering conduct caused injury to business or property can state a claim.
Murder or kidnapping can cause injury to business or property, as well as personal injury. Suppose America suffered the frequent kidnapping for ransom of business executives that some countries do. If the business pays the ransom, it has been injured by the kidnapping. Or imagine that a person whom a business needs to function is murdered' — perhaps a medical researcher who employs himself through an incorporated laboratory and obtains millions of dollars in research grants and contracts, and employs dozens of other people. The murder may well destroy the business, make it unable to pay its debts, and put all the employees out of work, giving them claims against the business for breach of their employment contracts. The laboratory corporation is a “person injured in his business” “by reason of’ a section 1962 violation — murder. In these hypothetical, I assume, of course, that a racketeering enterprise committed the wrongful conduct and that the section 1962 conduct caused the harm. The significance of the hypothetical cases is to illustrate that section 1962 personal injuries, such as murder and kidnapping, may indeed give rise to “injury to business or property” under section 1964.
Diaz’s claim to be a “person injured in his business or property” is more tenuous than the victims’ claims in these hypothetical cases, but sufficient nonetheless. He pleads that, as a result of the putative RICO wrong, he lost the chance to get employment because he was in jail or absorbed with defending himself against the criminal charges he claims were the fraudulent result of police racketeering. That states a claim that he was “injured in his business.”
A person does not have to wear a suit and tie to be engaged in “business.” A salaried employee might or might not, in ordinary speech, be characterized as a “businessman,” but a sole proprietor of a service business unquestionably runs a “business.” For example, the owner of “AAA Snowplowing” is a businessman who owns a service business, and makes his living from it when he comes around with a blade on the front of his pickup truck after a snowfall. Dentists and lawyers are also businessmen who own and run businesses. So is a person who stands on a corner and waits to get picked up to do odd jobs as an independent contractor. There is no principled way to sort out who among sole proprietors has a “business” and who does not. They all do. ■
What about people who seek only to be employed, in the common law sense of a master-servant relationship, by someone else? Diaz’s complaint is not clear on whether this is all he meant to do, or whether he meant to sell his services as a sole proprietor. Sound statutory construction proceeds from “attributing a rational purpose to Congress.”[7] As Judge Learned Hand wrote, “statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.”[8] If the statute as construed one way makes sense, and as construed another does not make any sense and is wholly arbitrary, the wholly arbitrary construction is a dubious *906 attribution of fecklessness to the legislature. I cannot see what purpose Congress could have intended to serve by limiting “person injured in his business” to some forms of earning a living but not others. Many firms operate in part with common law employees and in part with independent contractors, and many individuals work sometimes as one, sometimes the other, depending on what form of work is more attractive or available at the time. The distinction between “business” and employment is so tenuous and uncertain that it is hard to see why we should attribute to Congress a purpose of making it, especially since they did not make it expressly.
The manifest statutory purpose of requiring not only injury “by reason of’ section 1962 misconduct, but also injury to “business or property,” is to exclude claims for other kinds of injuries, even those arising from denoted racketeering conduct. For example, a person who suffered physical injury and mental distress, but no injury to his business or property, on account of racketeering misconduct of the sort denoted in sections 1962 and 1961, could not state a claim upon which relief could be granted under section 1964. Congress likely chose to address this sort of harm in order to focus upon the harm racketeering does to interstate commerce.
As for our en banc decision in Oscar v. University Students Co-operative Association,[9] it is not much help in resolving this case. The issue in Oscar was whether the plaintiffs were “injured in [their] business or property” by drug dealing next door. The majority in Oscar did not think so because the reduction in the value of the apartments they rented was not “financial loss to property”[10] or “concrete financial loss.”[11] I dissented, taking the position in dissent that there was injury to property because a leasehold estate is itself property, and damage does not have to be “concrete” or “financial” to be property damage. My thought was that the majority could not be right that damage has to result in “concrete financial loss” to give rise to a claim. For example, if racketeering conduct on the freeway dents someone’s car, the car’s owner has suffered injury to property, even if he drives with the dent and neither gets the car fixed nor sells it. He does not suffer any “concrete financial loss,” because he has the same amount of money that he did before, but his property was injured.
Judge Gould makes the sensible point that claims such as this one for police misconduct ordinarily are and should be brought under 42 U.S.C. § 1983. I do not disagree, but I also do not see much risk of opening any floodgates by taking the words of the RICO statute to mean what the Supreme Court has told us they mean.[12] Though the RICO statute allows treble damages, the damages it allows, and allows to be trebled, are limited to injury to business or property. That limitation, particularly in light of the limited business and property of a considerable proportion of persons who are arrested, makes section 1983 a more attractive path for relief in most cases, and there is little practical need for us to put an artificial dam in the channel.
The lower courts have repeatedly adopted non-literal narrowing interpretations of RICO, so that it would apply only *907 to what “racketeering” would mean if the word were not converted into a special term of art by the statute as construed by the Supreme Court. The lower courts’ view has a lot of practical and linguistic appeal. And who can hear the word “RICO” without seeing in the mind’s eye, Edward G. Robinson, in Little Caesar?[13] But the Supreme Court has decided that RICO’s statutory language just does not permit the courts to limit it to dishonest businesses that make their money through fraud and extortion. When it was passed, many ascribed to RICO the purpose of facilitating remedies against “mobsters and organized criminals.”[14] As the Supreme Court has construed the words of the statute since then, though,[15] there is no way to corral RICO so that it would apply only to “racketeering” as that word may initially have been understood and as it is defined in the dictionary.[16] I agree with Judge Gould that, because of his attempted murder and assault convictions, Diaz will likely face an uphill battle against a motion for summary judgment. But this is a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). We are limited to the question whether, if proved, the averments of the complaint would state a claim under the statute. They do.

. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163 (9lh Cir.2002).

. Grogan v. Platt, 835 F.2d 844 (11th Cir.1988).

. Doe V. Roe, 958 F.2d 763 (7th Cir.1992).

. 18U.S.C. § 1964(c).

. 18 U.S.C. § 1962(c) (emphasis added).

. I have used the word "standing” here because the RICO cases generally use it. I am among those who prefer to use the term "standing” for Article III purposes, and would prefer that the analysis be made under the rubric of "stating a claim upon which relief can be granted under section 1964.” They come to the same thing here.

. Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1311 (9th Cir.1992). 8. Cabell v. Markham, 148 F.2d 737, 739 (2d Cir.1945).

. Oscar v. Univ. Students Coop. Ass'n, 965 F.2d 783 (9th Cir.1992) (en banc).

. Id. at 787.

. Id. at 785.

. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-500, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

. Little Caesar (Warner Bros.1931).

. Sedima, 473 U.S. at 499, 105 S.Ct. 3275.

. See Nat’l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256-262, 114 S.Ct. 798, 127 L.Ed.2d 99; see also Sedima, 473 U.S. at 499-500, 105 S.Ct. 3275.

. See The American Heritage Dictionary 1021 (2d ed.1985) (defining "racket” as a "dishonest business or practice, esp. one that obtains money through fraud or extortion”).

. The majority argues that my position creates a new requirement for RICO standing that was not set by Congress, but this argument is off the mark. I merely point out that some direct injury to a business or property should be required to meet the statutory element set by Congress, which will be disregarded under the majority’s theory because almost any personal injury will cause a loss of some actual or potential employment.