[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13276
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-03282-RWS

GERALD KELLER,

Plaintiff - Appellant,

versus

ROBERT M. STRAUSS, M.D.,
GASTROINTESTINAL SPECIALISTS
OF GEORGIA PC, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Gerald Keller appeals pro se from the district court's dismissal with

prejudice of his federal claims and dismissal without prejudice of his state-law claims, which Keller brought in a civil action seeking damages for: (1) medical negligence; (2) breach of contract; (3) intentional infliction of emotional distress; (4) breach of fiduciary duty; (5) violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); (6) violation of binding customary law predicated on the right to human dignity; (7) constructive fraud; (8) actual fraud; (9) common law fraud; and (10) mail fraud.[1] Under his medical negligence claim, Keller also alleged violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"). Keller's claim arose out of his participation as a research subject in a clinical trial designed to test the safety and efficacy of a drug intended to treat hepatitis C. Keller alleged that, after he experienced adverse side effects, the defendants denied him follow-up medical care in violation of the informed consent contracts he signed before participating in the trial.

On appeal, Keller raises two primary arguments: (1) the district court erred by dismissing Keller's RICO claim and finding that his amendments would be futile; and (2) the district court erred by dismissing Keller's FDCA claims and by

---

[1] Keller also alleged that the United States government violated the Federal Tort Claims Act by failing to investigate his complaint. However, Keller has voluntarily dismissed all claims against the United States.

ruling with prejudice on Keller's state-law claims.[2]

## I. RICO Claim

Keller argues that the district court erred in dismissing with prejudice his civil RICO claim and by finding that it would be futile to grant leave to amend the complaint.

We review de novo a district court's dismissal of a complaint for failure to state a claim. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056-57 (11th Cir. 2007). While courts should "freely give" leave to amend a pleading prior to trial, Fed. R. Civ. P. 15(a)(2), we have held that a court does not abuse its discretion if it denies leave to amend where the amendment would be futile. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

To establish a federal civil RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show conduct of an enterprise through a pattern of "racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006)

---

[2] To the extent that Keller argues that the district court erred by denying Keller's motion to strike, by construing a motion to dismiss as one for judgment on the pleadings, and by not liberally construing his briefs, we find no abuse of discretion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (noting that a district court has broad discretion in managing its docket); Skrtich v. Thornton, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002) (noting that the district court may construe a motion to dismiss that was filed after an answer as a request for judgment on the pleadings pursuant to Rule 12(c)).

(quotation omitted). In order to obtain standing under RICO, the plaintiff must suffer an injury in his business or property. 18 U.S.C. § 1964(c); Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc., 140 F.3d 898, 906 (11th Cir. 1998). We decline Keller's invitation to find an exception to our precedent stating that personal injury and resulting pecuniary losses are not cognizable under RICO. Grogan v. Platt, 835 F.2d 844, 847-48 (11th Cir. 1988). Since Keller can assert only personal injury damages, the district court correctly dismissed Keller's RICO claim and found that amendment would be futile.

## II. FDCA Claim

With a few exceptions irrelevant to this case, actions brought "for the enforcement, or to restrain violations" of the FDCA "shall be by and in the name of the United States." 21 U.S.C. § 337(a), (b)(1). In no situation does the FDCA provide for a private cause of action. Ellis v. C.R. Bard, Inc., 311 F.3d 1272, 1284 n.10 (11th Cir. 2002). Accordingly, to the extent that Keller brought claims for the enforcement or to restrain violations of the FDCA, the district court was proper to dismiss them.

To the extent that Keller believes the district court erred by dismissing his remaining state-law claims with prejudice, we note that these claims were actually

dismissed <u>without</u> prejudice, <u>see</u> Dkt. 76 at 16, and we find no abuse of discretion in the district court's decision to do so.  <u>See</u> <u>Estate of Amergi v. Palestinian Auth.</u>, 611 F.3d 1350, 1356 (11th Cir. 2010).

AFFIRMED.[3]

---

[3] Keller argues in his reply brief that the district court erred in dismissing his claims involving violations of international law.  However, "we do not address arguments raised for the first time in a <u>pro se</u> litigant's reply brief." <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008).